TOWNS & O'BRIEN v. ALFORD & BUTLER.

1. Where a bond is executed in pursuance of tne act of 1828, " the better to provide for the trial of the right of property, and for other purposes," it operates "as a release by the claimant of damages against the sheriff or other officer," taking the property claimed in execution; and consequently, operates as a discharge of the sureties in a bond to indemnify the sheriff, for all damages which may be recovered of him, in consequence of a levy of the process : and such sureties are competent witnesses for the plaintiff on the trial of the right of property.

2. The Judge who presides at the trial of a cause, must have a discretion in regulating and controlling the examination of witnesses. If it is apparent, that a witness is unwilling to give evidence, or is disposed to favor the party against whom he is called to testify, the *direct examination* may assume the character of a *cross examination*, and the witness be asked a *leading question*.

Towns & O'Brien v. Alford & Butler.

3. An objection that a question is leading, must be made at the time it is proposed, and if not then made, will not be entertained; and such is the law even where a deposition is objected to, for that cause.

THE plaintiffs in error caused an *original attachment* to be sued out against the estate of Salem C. Garrett, returnable to the Circuit Court of Tallapoosa; which the sheriff levied on a stock of goods in the possession of the defendants, and also by summoning John W. Butler and Berry Horn as garnishees. The defendants claimed the goods levied on as their own property, and executed a bond to try the right to the same, pursuant to the statute. Whereupon an issue was made up and tried by a jury, who found a verdict in favor of the defendants.

On the trial, a bill of exceptions was taken by the plaintiffs to the ruling of the Court, from which it appears—

1. That the plaintiffs offered to prove by a witness, that the sale of the goods in controversy, from Salem C. Garrett to the defendants, was fraudulent. To the examination of this witness the defendants objected, on the ground that he (together with other persons) was a surety in a bond to indemnify the sheriff for all damages, which might be recovered of him, in consequence of the levy of the attachment. This objection was sustained by the Court, and the witness excluded.

2. The defendants offered to read the depositions of three witnesses, who had been examined at their instance : to several of the questions proposed to, and answered by, these witnesses the plaintiffs objected, on the ground that they were leading; but the objection was overruled, and the answers read to the jury. It does not appear whether these depositions were taken upon interrogatories and cross interrogatories filed by the parties, or whether the plaintiffs were present at the examination of the witnesses.

A judgment was rendered in favor of the defendants, and thereupon the plaintiffs have prosecuted a writ of error to this Court.

CHILTON & WM. B. MARTIN, for the plaintiffs in error.
No counsel appeared for the defendants.

COLLIER, C. J.—1. By the *eleventh section* of the attachment law, it is provided that, if property levied on by an attachment, be claimed by a third person, bond may be given to try the right as in other cases; on which the same proceedings shall be had " as in trials of the right of property taken by virtue of a *fieri facias.*" [Aik. Dig. 40.] The seventh section of the act of 1828, "the better to provide for the trial of the right of property, and for other purposes," [Aikin's Digests 171,] enacts that, " so much of the law now in force as requires two bonds to be taken for the trial of the right of property, is hereby repealed : *Provided,* That a claim of property, in conformity to the provisions of this act, shall operate as a release, by the claimant, of damages against the sheriff or other officer, taking such property in execution."

These statutes relate to the same subject matter, and must be regarded as *in pari materia,* so far as they relate to the right of the property levied on, and the consequences which result from the interposition of a claim. Though the case before us may not come within the letter of the act of 1828, yet we think it is clearly embraced by its spirit and equity. And as that statute releases the officer executing property from damages, at the suit of the claimant, so does the claim of property, levied on by attachment, produce the same result. The sheriff then, being discharged from liability for a trespass committed in the levy of the process, the bond taken for his indemnification became inoperative in law; and the sureties, of consequence, entirely disinterested as to what might be the result of the trial. The witness offered by the plaintiffs was therefore competent on the score of interest, and was improperly excluded by the Court.

2. That a full disclosure of a witness' knowledge of matters, touching which he is examined, may be elicited, it is necessary that considerable discretion should be left to the Judge who presides at the trial, in regulating and controlling the examination. The Court must regard the inclination of the witness, as well as the subject matter to which the question relates. If it is apparent, that the witness is disposed to favor the party, against whom he is called to testify, or unwilling to give evidence, the Court will be justified in going so far as to permit

Towns & O'Brien v. Alford & Butler.

the direct examination to take the character of a cross examination; and under such circumstances, it is allowable for a party to propose a leading question to his own witness. The unwillingness of the witness to depose in favor of the party by whom he is adduced—his situation, and the inducements which he may have for withholding a full and fair account, must be decided by the Court, and commonly, according to the impression entertained of his demeanor at the trial. There can then, on this head, be no peremptory and exclusive rule; but it must always be subject to the Court's discretion; and an appellate Court will not enquire on error, whether the Judge of a subordinate jurisdiction exercised his discretion unwisely. [The People vs. Mather, 4 Wend. Rep. 229—248; Stratford vs. Sanford, 9 Conn. Rep. 275—284; Ellmaker vs. Buckley, 16 Serg. & Rawles' Rep. 77.]

*Again:* The question must be objected to at the time it is proposed, on the ground that it is a leading question. If the objection is not then made, it comes too late, and will not be entertained. The law was so laid down, where the question was asked a witness on taking his deposition. [Sheeler vs. Speer, 3 Binn. Rep. 130; Strickler vs. Todd, 10 Serg. & Rawles' Rep. 63. Objections to questions, on the ground that they are leading, are generally captious, and not intended to subserve the ends of justice; and if a party were liable to lose the benefit of his deposition, on such an objection, taken for the first time at the trial, the rule would often be made to operate the severest injustice. According to the most usual mode of taking depositions in cases at law, the preparation of the questions very often devolve upon the parties, or the commissioners, persons generally selected with a regard to their probity and intelligence, but with little professional knowledge. This state of things certainly requires the adoption of the most liberal and indulgent rules.

The objection to the question excepted to at the trial, came too late. But for the first ground of exception, the judgment of the Circuit Court is reversed, and the cause remanded.