## M. C. LEE & Co. v. STOWE & WILMERDING.

### (Case No. 3222.)

1. DEPOSITIONS — ANSWERS TO INTERROGATORIES.— So much of the deposition of a witness as is not pertinent to the interrogatories propounded, should, when properly objected to, be stricken out.

2. SAME — PRACTICE.— Formerly such an objection might be made at the trial; but now, under the Revised Statutes, it seems that it goes to the form and manner of taking, and that notice thereof should be given in writing before the trial commences.

3. LEADING INTERROGATORIES, HOW OBJECTED TO — PRACTICE.— It is questionable whether the objection to an interrogatory as leading, is not also one going to the form and manner of taking, and which should be made like other objections of that class. The bearing of Purnell v. Gandy, 46 Tex., 198, on this question, considered. (See opinion for the individual views of Associate Justice Stayton on this question.)

4. INTERROGATORIES — EFFECT OF FAILURE OR REFUSAL TO ANSWER.— The refusal of a witness to answer relevant and proper interrogatories is good ground for excluding his deposition, if notice of the intention to move to exclude be given before the commencement of the trial, as required by the statute.

5. VERBAL GUARANTY — CONSIDERATION — PARTNERSHIP — DISSOLUTION OF.— A verbal guaranty made at the request of a firm to certain of its creditors to pay certain subsisting demands against the partnership, followed by payment, though made after and with notice of the dissolution of the partnership, constitutes a good cause of action against the firm.

6. SAME — STATUTE OF FRAUDS — MORAL OBLIGATION.— Although the verbal guaranty was not legally binding by reason of the statute of frauds, it constituted an obligation morally binding, and supported as between plaintiffs and defendants by a valuable consideration, and the defendants had no right to ask the guarantors to violate the obligation by refraining from payment, or interposing the defense of the statute of frauds.

7. PARTNERSHIP — PAYMENT AT REQUEST OF, AFTER DISSOLUTION.— If, during the existence of the partnership, there was a request to pay certain subsisting bills at maturity, and the plaintiffs so paid them after the dissolution and with notice thereof, the partnership would be liable unless there had been a revocation of the request.

8. PARTNERSHIP — NOTICE OF DISSOLUTION.— But if the only request was by one of the firm after dissolution, the other member of the firm would not be liable unless before the dissolution there had been a similar course of business between the firms, and the payments were made without notice of the dissolution.

APPEAL from Washington. Tried in 1875 before the Hon. I. B. McFarlane.

The plaintiffs, Stowe & Wilmerding, were commission merchants in the city of Galveston. The defendants, M. C. Lee & A. J. Roberson, had carried on a mercantile business in Washington county under the firm name of M. C. Lee & Co., the capital being furnished by Roberson and the business managed by Lee. The plaintiffs claimed that during the winter of 1871–2, at the special instance and request of M. C. Lee & Co., they had guarantied the payment

of certain sums of money falling due by that firm to various houses in Galveston, and that they had afterwards paid said sums. They sued to recover the amounts so paid, with interest and commissions for advancing. Lee made no defense. One of the answers filed by Roberson charged that whilst the partnership of M. C. Lee & Co. existed, Lee had remitted to plaintiffs large sums of money and shipped them large quantities of cotton and other articles which should have been placed to the credit of M. C. Lee & Co., but by the fraudulent contrivances of plaintiffs and Lee were placed to the individual credit of the latter. He claimed that all firm indebtedness to plaintiffs had been paid. The plaintiffs had made an exhibit of a letter written in the firm name by Lee, dated April 8, 1872. This letter contains a request that plaintiffs would pay the bills of M. C. Lee & Co., coming due in Galveston, making no reference to any preceding guaranty. An amended petition sought a recovery on the ground of payment at the request of defendants. Roberson denied under oath the authority of Lee to bind him by that letter. It was a contested question of fact on the trial whether the partnership was dissolved in March, 1872, or on April 15th of that year.

The plaintiffs propounded interrogatories to the plaintiff Stowe to prove the guaranty of the various sums of money set out in the petition and their payment as alleged. Defendant Roberson filed a number of cross-interrogatories to the witness concerning the contemporaneous dealings of plaintiffs with M. C. Lee, and demanded an exhibit of the moneys paid to them by Lee, and the cotton, etc., shipped by him to them during the same period. Witness Stowe declined to answer these cross-interrogatories, stating that their dealings with Lee constituted a separate matter. Roberson moved the court to exclude the depositions for the failure and refusal of the witness to answer. The motion was overruled and exception taken. So far as the evidence develops, the guaranties were made verbally, in December, 1871, and January, 1872, and the payments were made in the months of April, May and June, 1872. The additional facts necessary to understand the questions discussed are stated in the opinion. The trial resulted in a judgment in favor of plaintiffs for the amount claimed. Roberson brought the case up by appeal.

*Sayles & Bassett,* for appellant.

I. The court erred in overruling the objections of the defendant, Roberson, to the depositions of the plaintiff, Stowe, and permitting them to be read in evidence.

Two depositions of W. N. Stowe, one of the plaintiffs, were read

in evidence, over the objection of defendant that the witness had failed to answer the cross-interrogatories. This witness testified to the payment of the several items in their account, and that it was made at the request of the defendants. On cross-examination he was asked the following questions, all of which he absolutely refused to answer:

2. Did not Lee ship you considerable amounts of cotton during the fall and winter of 1871 and 1872?

3. Render a statement of all the cotton shipped you by Lee during the above period, and state the net proceeds of the sales thereof, when sold, to whom, and whether for gold or currency.

4. Did not Lee send you considerable sums of money during the said period, and state the date of such remittances, amounts and character of money?

5. Did he not remit you, in draft of Bassett & Bassett, on Ball, Hutchings & Co., about the 15th of January, 1872, the sum of $180, in gold; and afterwards, about the 22d of January, 1872, in draft of same parties, the further sum of $272.35?

6. Did you not receive from him, during the season, other drafts for gold and currency? Render a statement thereof under oath.

7. Did you not collect said drafts?

Stowe's evidence was retaken by plaintiffs; and after he had stated, in answer to cross-interrogatories, that his firm were engaged with Lee in buying cotton in 1871–72, and that he had shipped them cotton and cattle, he was asked to render an account of the cotton and other produce shipped by Lee, and to render a statement of the money paid during the same period, which he declined to do, simply stating that such shipments and payments were not on account of M. C. Lee & Co.

The plaintiff voluntarily placed himself upon the stand as a witness, and testifies so far as he deems important in his own behalf, but flatly refuses to render an account of his transactions with parties concerned in the business of M. C. Lee & Co., and leaves the defendant Roberson, who had no personal knowledge of the business of the firm, utterly without redress. We say that under these circumstances the plaintiffs were not entitled to the benefit before the jury of their *ex parte* evidence. In Smith *v.* Griffith, 3 Hill, 333, it was held that the whole deposition of a witness, who had refused to answer a material interrogatory put by the defendant, should be rejected, because the examination was imperfect, one-sided, and, in effect, *ex parte;* and this rule should apply with more

force, where the party himself is the witness and was bound upon a simple request to render the accounts asked for.

II. The court erred in overruling the objection of the defendant Roberson to a portion of the answer of M. C. Lee to the first inter-rogatory.

In relation to his co-defendant, Roberson, Lee stood as any other witness. Bassett *v*. Garthwaite, 22 Tex., 230. With the interroga-tory of plaintiffs as to the existence of the partnership in December and January, which was not denied, it was not necessary to inter-rogate the witness further on that point. Had the interrogatory shown the purpose of plaintiffs to prove by the witness the date of its dissolution, or rather of its continuance in April, the defendant Roberson might, by cross-interrogatories, have called the attention of witness to facts which would have fixed the date of the actual dissolution in March. Certainly, an answer that a partnership, ac-knowledged to exist, continued "until April 15, 1872," is not re-sponsive to the question as to who composed the firm in December and January. But the appellant was practically denied the oppor-tunity of cross-examination, or of testing the accuracy of the wit-ness' memory, by the course pursued. The witness may, and doubtless did, drop into the error as to the dates, by confounding the dissolution of the firm with the notice of dissolution, which was published on the 15th of April.

III. The court erred in instructing the jury "that if the evidence shows that at the request of the defendants, or one of them, either verbally or written, while they were partners, the plaintiffs paid the various sums mentioned, then they are entitled to recover as against both defendants the amount still due "

*Shepard & Garrett*, for appellees.

I. There was no error in overruling the objections of defendant Roberson to the deposition of the plaintiff, W. N. Stowe.

The accounts of M. C. Lee, M. C. Lee & Co., and of Lee & Powell, were separate and distinct, and not one general account. The defendant Roberson stated in evidence that Lee bought produce on his own account, and that the firm of M. C. Lee & Co. did no busi-ness of the kind; also, that the firm of Lee & Powell succeeded that of M. C. Lee & Co. Stowe testified that the accounts were separate and distinct, and so kept. The questions which the plaint-iff Stowe declined to answer were not relevant, and therefore not material, and the statements in answer thereto would have tended to confuse and mislead the jury. The answer of defendant Rober-

son, filed on the eve of trial, charging conspiracy between Lee and plaintiffs, was palpably for the purpose of excluding the testimony of Stowe; but it is wholly unsustained by proof, and had the court had any hesitation about its ruling, that would have been dissipated by the evidence adduced on the trial.

Stowe answered all of the cross-interrogatories complained of in his second deposition, but did not furnish Lee's individual account, for the reason, as he stated, that it had no connection with that of M. C. Lee & Co.

II. The answer of Lee to the interrogatory as to who constituted the firm of M. C. Lee & Co. in the months of December, 1871, and January, 1872, was just such an answer as a person desiring to state the whole truth would have given; and was not calculated to mislead the appellant, who certainly knew the true date of the dissolution; and if he speculated on the chances of Lee's saying nothing about it, and lost, he has no one to blame for it but himself. The answer was responsive to the interrogatory and did not pertain to anything foreign to it.

It was discretionary with the court to permit the answers to the interrogatories objected to as leading to be read. "Indeed, when and under what circumstances a leading question may be put, is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error." 1 Greenleaf on Ev., 435 *ad fin.;* citing Moody *v.* Rowell, 17 Pick., 498; Donnell *v.* Jones, 13 Ala., 490.

III. But we think that the judgment should be affirmed on the request to pay, both as proven verbally, and by the letter of M. C. Lee & Co. to the plaintiffs.

It was shown conclusively that there was no dissolution until the 15th of April, 1872, a week after the letter was written. There is no proof of notice of dissolution to plaintiffs, except that the paper containing the published notice was mailed to them. Defendants called on plaintiffs in Galveston, in December, 1871, and requested their assistance in purchasing a bill of goods on time, which was extended to them. They afterwards called on plaintiffs in January, 1872, and procured their services in purchasing several bills of goods, also on time; and on April 8, 1872, wrote to the plaintiffs requesting them to pay the bills, which, in accordance with the general understanding shown to have existed from the organization of the partnership of defendants, were paid, and it is presumed without notice to plaintiffs of the dissolution. The defendants cannot enjoy the benefit of the goods, and avoid payment for them, when plaintiffs, having no knowledge of the dissolution of their partnership,

advanced for them, with at least the moral obligation of a guaranty from them to the merchants, and in response to a letter requesting them to do so. Notice of dissolution is necessary to all parties who have had dealings with the firm, unless there is actual knowledge proven otherwise. Parsons' Law of Part., 412.

Whether a person has actual knowledge of a dissolution is a question of fact for a jury, and not of law for the court. Id., 413.

Taking the case in the attitude strongest for appellant, which is that there was no mutuality of contract until the acceptance of plaintiffs, or some action on their part showing an acceptance, the testimony then shows that plaintiffs, in compliance with the request, paid the first bill before the date of dissolution, the second before its publication, and the rest of them immediately after. The mutuality was complete when plaintiffs paid the first bill. 1 Parsons on Contracts, 375.

The dissolution could not have operated as a withdrawal of the request made in writing or otherwise, and acted upon before the dissolution; certainly not without notice.

The authority of Gale v. Miller, 54 N. Y., 536, can apply only on the hypothesis that the dissolution took place prior to April 8, 1872, the date of the letter, and that it was an individual obligation of Lee's that was being paid, very much the same as though Lee had bought something without the scope of partnership, for the payment of which plaintiffs were seeking to bind the firm.

STAYTON, ASSOCIATE JUSTICE.— One of the controverted questions in this cause was, when was the firm composed of M. C. Lee and A. J. Roberson dissolved? In answer to an interrogatory which asked who composed the firm of M. C. Lee & Co. in the month of December, 1871, and the month of January, 1872, the witness answered that the firm was composed during those months of M. C. Lee and A. J. Roberson, and further answered that the firm so continued until the 15th of April, 1872. The latter part of the answer was objected to, because the answer was not responsive to the interrogatory, and the objection was overruled. This was error; for by the law then in force it was provided that "If any deposition shall contain any testimony not pertinent to the interrogatories propounded, such testimony shall be deemed surplusage and shall be stricken out by the court." Pasch. Dig., 3732.

Whether the same rule would apply under the statute now in force may be questioned, for, unlike the former law, it requires objection to be made thereto. R. S., 2237. It would seem that such objec-

tion would go to the form and manner of taking, and that notice in writing should be given thereof before the trial commences. Clement v. Cureton, 36 Ala., 120; McCrary v. Turk, 29 Ala., 244; Saltmarsh v. Bower, 34 Ala., 613; Weeks' Law of Depositions, sec. 404.

It was also objected that certain interrogatories addressed to M. C. Lee, one of the defendants, were leading, and on that account during the trial application was made to exclude the answers, and same was overruled, no notice of such objection having been given before the trial commenced.

The interrogatories to which this objection applied were addressed by the plaintiffs to one of the defendants, and as it is a matter of discretion in the court under the circumstances of the case, and of the witness, to determine whether such an interrogatory shall be used or not, a cause would not be reversed upon the sole ground that a witness had been permitted to answer an interrogatory which was clearly leading.

Whether an objection of this kind could be made when the deposition is offered in the trial of the cause, without notice thereof being given in writing before the trial commences, may well be questioned.

The statute provides that "Depositions may be read in evidence upon the trial of any suit in which they are taken, subject to all legal exceptions which might be made to the interrogatories and answers were the witness personally present before the court giving evidence." R. S., 2236. This determines the character of exceptions which may be taken, but does not provide or determine the time or manner in which such objection should be made.

Objections to the form or manner of taking a deposition cannot be heard unless such objections are in writing, and notice thereof is given to the opposite counsel before the trial of suit commences. R. S., 2235.

Objections which go to the competency of the witness or relevancy of the evidence may be made when the evidence is offered. The question as to whether an objection to an interrogatory, leading in its character, but which calls for an answer in no way objectionable, must be made in the manner provided for such objections as go to the manner and form of taking depositions, has not been directly before this court.

In the case of Purnell v. Gandy, 46 Tex., 198, an objection had been taken to an interrogatory that was leading, and which called for the conclusion of the witness as to a matter of opinion or of law, and it was held that the objection to the interrogatory and

answer did not go to the form and manner of taking the deposition, and that therefore written notice of intention to exclude it was not necessary.

The writer is of the opinion that an objection to a deposition, upon the ground that an interrogatory is leading, goes to the manner and form of taking the deposition, and that correct practice requires notice of such objection to be given as provided by statute, or that otherwise such objection is waived.

As was said by the supreme court of Ohio, "Exceptions to depositions for other causes than the competency of the witness, or the relevancy of the testimony, should not be heard unless noted on the depositions, or notice thereof given to the opposite party before the cause is called for trial. Objections to parts of depositions, merely formal in their nature, will be taken to have been *waived*, if not made, or notice thereof given to the other party, until after the trial has commenced. To prevent parties from being taken by surprise during the progress of a trial, and for the furtherance of justice, this is required by the general rules of practice in the absence of any adopted rule of court to that effect. . . . The objection that a question is leading in its form is an objection, not to the substance or relevancy of the evidence, but to the form and manner of obtaining it, and should be made at the time the question is propounded; but if not made then, or within proper time before the cause is called for trial, it will be fairly and reasonably taken to have been waived." Crowell v. Western R. Bank, 3 Ohio, 409; Akers v. Demond, 103 Mass., 322; Kyle & Gunter v. Bostick *et al.*, 10 Ala., 591; Towns *et al.* v. O'Brien *et al.*, 2 Ala., 381; Overton v. Tracy, 14 S. & R., 324.

In this cause certain interrogatories were propounded by the plaintiffs to Stowe, who was a plaintiff, and cross-interrogatories were also propounded to him, which called for a full statement of the account between Stowe & Wilmerding and M. C. Lee, one of the defendants. The witness declined to answer the cross-interrogatories in this regard.

Before the commencement of the trial notice was given, as required by the statute, of the intention of the defendant Roberson to move the exclusion of the deposition. The defendant Roberson had filed an answer in which he alleged in substance that his partner, M. C. Lee, had forwarded to the plaintiffs various sums of money, and articles of property to be by them sold, which was the property of the firm composed of M. C. Lee and himself, and that instead of appropriating the same in liquidation of the debt

sued upon, the plaintiffs, in collusion with Lee, and in fraud of his rights, had appropriated the same to the account of Lee, and that if the proper appropriation was made, the claim sued upon was fully paid. Upon hearing the motion to exclude the deposition of Stowe, the court overruled it, and we are of the opinion that this was error, for the pleadings made the evidence desired relevant and proper.

This action was brought to recover certain sums of money which the plaintiffs claimed to have paid at the request of the defendants to several mercantile firms and persons for bills of goods bought by the defendant firm, and for the payment of which they alleged that they became guarantors at the time the goods were bought.

There was a controversy upon the trial as to whether the request of the defendant firm, which was made by M. C. Lee, to the plaintiffs to pay for the goods was made before or after the dissolution of the firm of M. C. Lee & Co., and as to whether the plaintiffs had notice of such dissolution at the time the payments were made by them; and there were many charges given or refused bearing upon the liability of the defendant firm under the various aspects of the question as presented, the giving and refusing of which is assigned as error.

For the disposition of the cause it is not necessary to consider these several assignments which call in question the giving and refusing to give the several charges, and we will only indicate the rules which ought to be applied in determining the ultimate rights of the parties.

If the plaintiffs, at the request of the firm of M. C. Lee & Co., verbally guarantied the payment of bills of goods which they purchased, then upon payment of such bills by the plaintiffs when they became due they are entitled to recover the same, whether such payments were made before or after the dissolution of the firm of M. C. Lee & Co., and if after dissolution, whether there was notice of that fact or not; and this, notwithstanding the plaintiffs might have interposed the statute of frauds as a defense had they been sued by the sellers upon their verbal guaranty. Beal v. Brown, 13 Allen, 115; Cahill v. Bigelow, 18 Pick., 372; Ames v. Jackson, 115 Mass., 512; Browne on Statute of Frauds, 116, 135; Godden v. Pierson, 42 Ala., 374.

It is true that the verbal guaranty was an imperfect obligation as between the sellers and plaintiffs, but it was upon valuable consideration, and, as between the plaintiffs and M. C. Lee & Co., not in violation of the statute of frauds, or of any rule of public policy.

It was an obligation morally binding, which M. C. Lee & Co. had no right to ask them to violate by interposing the statute of frauds as a defense; nor had they even the right, when the bills matured and they failed to meet them themselves, to ask the plaintiffs to refrain from promptly paying them as they were morally bound to do. 18 Pick., 369.

The request to make the guaranty in the first instance follows the transaction from its inception, and is a continuing element of contract which raises a promise to pay, that will exist until the promise thus raised is discharged by payment or otherwise; and with such obligation the dissolution of the firm can have no greater effect than it has upon any other debt contracted during the existence of the partnership.

If there was no verbal guaranty made at the request of M. C. Lee & Co., at the time the bills of goods were purchased, but there was a subsequent request by that firm during its existence, to the plaintiffs, to pay the bills upon maturity, then if they did so, even after the dissolution of the firm of M. C. Lee & Co., with knowledge of such dissolution, without a revocation of such request, then the defendants would be liable; but if there was no such request save such as was given by M. C. Lee after the dissolution of the firm, then the defendant Roberson would not be liable, unless before the dissolution there had been a similar course of business between the firms, and no notice existed of such dissolution at the time the payments were made.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

[Transferred to Tyler, and opinion rendered November 3, 1882.]