# Cobb *v.* Malone & Collins.

*Action for Damages for Conversion of Crop, by Mortgagee against Purchaser with Notice.*

1. *Accord and satisfaction; release of one tortfeasor.*—A mortgage given in satisfaction and settlement of a claim on which an action is pending against another person, who is liable as a tortfeasor equally with the mortgagor, constitutes an accord and satisfaction, and may be so pleaded in defense of that suit; but, if the mortgage is accepted conditionally, and the condition is not performed, it has no such effect.

2. *Authority of clerk as agent.*—A clerk, with whom a blank mortgage is left, to be filled and executed to his principal as mortgagee, has no authority, by virtue of said employment and agency, to write a letter directing the dismissal of a suit pending in the name of his principal, because the mortgage was to be accepted, as alleged by the mortgagor, in satisfaction and settlement of the claim sued on; and the fact that the principal, after failure to pay the debt as agreed, has the mortgage recorded, does not establish a ratification of the clerk's unauthorized act.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by A. A. Cobb, against Malone & Collins as partners, to recover damages for an alleged conversion by them of a bale of cotton, on which plaintiff claimed a statutory lien for advances to make a crop; and was commenced on the 8th October, 1887. On the trial in the Circuit Court, to which the case was removed by appeal, the plaintiff read in evidence the mortgage under which he claimed the bale of cotton; which mortgage was executed by C. D. Crutchfield, in February, 1887, conveyed the entire crop he might raise during the year, and was duly recorded. It was admitted that the bale of cotton was a part of Crutchfield's crop, and that the defendants had received and sold it. The record does not show what pleas were filed, but the defense seems to have been accord and satisfaction by the acceptance of a subsequent mortgage from Crutchfield, which was dated September 23d, 1887, conveyed a wagon and a yoke of oxen, and recited an indebtedness secured by note for $75. This mortgage was produced by the defendants, and it was admitted that the plaintiff had had it recorded; but he denied that he had ever accepted it in satisfaction of the claim, and said that Crutchfield had unlawfully disposed of the mortgaged property. The defendants claimed that plaintiff had agreed to dismiss the suit

[Cobb v. Malone & Collins.]

on the execution of the second mortgage by Crutchfield, and
produced a letter to that effect, to which plaintiff's name was
signed; but this letter was written by plaintiff's clerk, and
plaintiff denied his authority to write it. The evidence with
regard to these matters was not materially variant from that
adduced on the former trial as shown by the report of the case
in 86 Ala. 571, and it is unnecessary to repeat it. The ad-
mission of the letters as evidence, and several charges given
by the court at the instance of the defendants, are assigned as
error.

M. E. MILLIGAN, for appellant.

McCLELLAN, J.—On a former appeal in this cause, it was
held that the acceptance by A. A. Cobb of a second mortgage
from Crutchfield, in full satisfaction of the debt secured by a
mortgage on property which Malone & Collins had converted,
and for damages on account of which conversion this suit was
brought, operated a release of the latter, on the principle, that
"a release of one is a discharge of all joint conversioners."
86 Ala. 571. It was further determined on that appeal, that if
the second mortgage was taken with the understanding that
this suit should be dismissed in the event the sum secured by
it was paid in a week or two, that agreement was not available
to the defendant "as an accord and satisfaction, or a release;"
and further, that proof of letters written by or at the direction
of plaintiff's clerk, to plaintiff's attorney and to Malone & Col-
lins, to the effect that the claim against the latter had been
settled, and the suit was to be dismissed, was not admissible,
in the absence of evidence tending to show that the clerk had
authority to write them.

Adhering to these principles, the judgment brought under
review by this appeal must be reversed. The letters referred
to were again admitted in evidence, and we search the record
in vain for any evidence of authority on the part of the clerk
either to write them or enter into the agreement which they
purport to advise plaintiff's attorney and defendants of. There
is no evidence that Cobb ever authorized his clerk to agree to
a satisfaction of his claims, either against Crutchfield, or Ma-
lone & Collins, under the first mortgage, in consideration of
the execution by the former of a second mortgage; nor is there
an proof that he ever ratified such an agreement, if in fact
it was ever entered into between his clerk and Crutchfield, as
to which the testimony is conflicting. On the contrary, while it
is true that plaintiff's attorney received a letter purporting to be
signed by plaintiff, directing him to dismiss the suit, and was

[Shows v. Solomon.]

shown a letter of like import addressed to Malone & Collins, he declined acting on them, because of a doubt of their genuineness; and after the existence of these letters may be presumed to have come to the knowledge of plaintiff, he not only did not ratify the arrangement they evidenced, but, virtually repudiating them, continued the prosecution of this suit. Meantime, plaintiff had been informed that his clerk had agreed with Crutchfield to dismiss the suit, if the mortgage was paid in a week or two. The mortgage was not paid within that time, and he then had it recorded. We can not conceive that, under these facts, the recording of the mortgage could be any evidence of the ratification of that agreement, which, according to Crutchfield's evidence, was made between him and plaintiff's clerk. Whether the one or the other, or neither of these agreements, had been made, it was equally the right, as well as the part of business prudence of the plaintiff, to put the instrument to record; and the fact that he did this affords no inference that he had acquiesced in the alleged unauthorized discharge of Malone & Collins. It was an error, therefore, to admit testimony, the only tendency of which was to prove a release which was never agreed to by plaintiff, nor authorized by him, nor ratified by him, if indeed it was ever made in his name and behalf, by a person who had no authority to bind him thereby. The court should have excluded all this testimony, and have instructed the jury, instead of the charges which were given, that there was no evidence of accord and satisfaction of which defendants could avail themselves.

Reversed and remanded.