### MISSOURI PACIFIC RAILWAY COMPANY v. J. L. PEAY.

#### No. 817.

1. **Pleading—Petition—Negligence.**—The allegations in the petition show that the carriage, the subject of the injury and the litigation, was run upon by a train of the defendant company and was injured; that after this collision the employes placed it upon another track, which was near, and that upon this track a train collided with the carriage, destroying it. *Held,* that the driver in charge at the first collision might presume and act upon the presumption that the defendant would not run upon the carriage again. The facts alleged show a cause of action; it was not necessary to aver further effort by the driver to protect the carriage.

2. **Opinion—Value.**—A driver whose carriage was injured in a collision. who was present at the wreck and knew the condition of the carriage before and after the injury, would be competent to testify to the amount of damage caused by the collision. This is not of that class of cases in which the jury alone can estimate the damages.

3. **Charge—Failure to Request that Omission be Supplied.**—A failure to enumerate all the issues in the statement of the case made by the judge in his charge, or a like omission in the body of the charge, must be noted in the trial court by request that the omission be supplied. Such defect can not be the subject of complaint for the first time in the appellate court.

4. **Form of Charge—Reference to Other Parts.**—It is not error in the court that it referred to other parts of the charge, instead of repeating such part. See example.

5. **Negligence—Fact Case.**—See facts upon which the trial court did not err in refusing to instruct the jury that the defendant would not be liable for damages done in a collision unless its servants wantonly and willfully ran into the carriage and caused the injury.

6. **Defective Charge.**—A defective charge given on request can not be attacked on appeal by the party at whose instance it was given.

7. **Value—Market Value.**—There was testimony to the value of the injured property before and after the collision. That no market value was proven at the time and place is no ground for reversal when not called to attention of the court in motion for new trial, although by the charge the market value was submitted as a basis for verdict.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

*Clarence H. Miller* and *Fisher & Townes*, for appellant.—1. When the allegations of plaintiff's petition expose him to the suspicion of negli-

gence, or would establish if unexplained a prima facie case of negligence on his part, the petition is bad on demurrer. Railway v. Bennett, 76 Texas, 153; Murray v. Railway, 73 Texas, 2; Railway v. Murphy, 46 Texas, 363.

2. The court erred in its definition of negligence in limiting it to acts of omission only, and further in not including as a necessary element the idea that the acts must result in injury to some one. 16 Am. and Eng. Encyc. of Law, pp. 389, et seq., and authorities in the note; Deer. on Neg., sec. 1; Shearman & Redf. on Neg., sec. 3; Bish. on Non-Con. Law, sec. 436; Smith's Law of Neg., sec. 1; Whart. on Neg., sec. 3; Railway v. Murphy, 46 Texas, 369; Railway v. Jones, 95 U. S., 441; Cotton Press v. Bradley, 52 Texas, 600.

*A. M. Monteith*, for appellee, cited: Railway v. Weisen, 65 Texas, 443; Blackwell v. Hunnicutt, 69 Texas, 273; Railway v. Helm, 64 Texas, 147; Ins. Co. v. Ende, 65 Texas, 118; Gallagher v. Bowie, 66 Texas, 265; Stell v. Paschal, 41 Texas, 640; Endict v. Endict, 61 Texas, 559; Dallas v. Railway, 61 Texas, 196.

COLLARD, Associate Justice.—This suit was originally brought in the County Court of Bell County, but on account of the disqualification of the county judge it was transferred to the District Court, and there tried.

The suit is for damages for injuries to plaintiff's (appellee's) carriage, caused by the alleged negligence of defendant's servants in colliding a train with the carriage, thus causing damage to it to the amount of $50, and in a short time thereafter, before the carriage was removed from the place of collision, striking it a second time with an engine, causing damage to it to the amount of $450.

The trial resulted in a verdict and judgment for plaintiff for $400, with legal interest thereon from the date of the injury on account of the last collision. Defendant has appealed.

*Opinion.*—1. Appellant complains, first, that the court erred in overruling its general demurrer to the petition, upon the proposition that when the allegations of the petition expose plaintiff to a suspicion of negligence which is unexplained and not excused, the petition is bad on general demurrer.

In support of the affirmation that the averments of the petition raise an inference that plaintiff's servant driving the carriage was guilty of negligence contributing to the injury, we are referred to that part of the petition which alleges that defendant had constructed two tracks separated by a distance not exceeding ten feet; that while the carriage driver was attempting to cross one of these tracks it was struck, "thereby throwing the same in a damaged and injured condi-

tion across and upon the said track adjacent to the one upon which said locomotive was then running;  *  *  *  that said defendant, by its agents and employes, then carelessly and negligently placed the said carriage upon said track adjacent to the track upon which the said locomotive and car were running when so struck and damaged.    Plaintiff alleges that defendant, by its agents and employes, then switched said locomotive on the track across and on which said carriage was then lying in a damaged condition; that defendant's agents and employes had full notice of said carriage; that the same was in plain view, and its location and position were in plain view of defendant's employes then operating said locomotive, but that defendant, by its said agents and employes, so carelessly and negligently operated and ran said locomotive, that with said locomotive defendant again struck, crushed, ran over, and entirely ruined said carriage.''

Defendant insists, that the petition thus shows that plaintiff's driver was present, and it is not alleged that he attempted to remove the carriage and avoid the second collision, and that no excuse is shown for his failure to do so.

We do not think the facts alleged show that it was negligence on the part of plaintiff's carriage driver not to attempt to remove the carriage from where defendant's servants had placed it, to prevent them from running over it a second time.    The allegations show that defendant's servants were responsible for the dangerous position of the carriage, in which case plaintiff's driver might presume and act upon the presumption that defendant would not run over it again.    But if the circumstances as alleged indicate that he should have moved it away if he could, such fact would not excuse defendant for striking it again with the locomotive, it being in plain view of defendant's servants, acting with full knowledge of the fact, knowing it would not be moved. In such case, the petition would show a good cause of action against defendant because of its negligence.    Railway v. Smith, 62 Texas, 252; Railway v. Cocke, 64 Texas, 158; Railway v. Symkins, 54 Texas, 615; Artusy v. Railway, 73 Texas, 195.

Defendant was required to use ordinary care to prevent the injury after its servants became aware of the danger.

We do not find that plaintiff's statement of his case makes a case of negligence on his part so as to come within the rule that he must allege facts which relieve him of such negligence.    Railway v. Spicker, 61 Texas, 427; Railway v. Murphy, 46 Texas, 363; Murray v. Railway, 73 Texas, 2; Railway v. Bennett, 76 Texas, 153.

2.  Defendant objected on the trial to the reading of the answer of witness William Anderson (plaintiff's driver) to cross-interrogatory 5 propounded by defendant, and insists that it was error to allow the answer read.

The question was, ''Where did the car strike the carriage you were driving? What effect did it have, and to what extent did it injure the carriage?''

Answer: ''The car struck the carriage on the wheel, and broke one wheel and one axle, *and damaged it about fifty dollars.*''

In answer to all objections urged to the answer, we may say: If the answer was not responsive to the question, it could only be excluded by motion for that purpose before trial, the objection being to the form of the deposition. Rev. Stats., art. 2235; Lee v. Stowe, 57 Texas, 444.

The answer was in the nature of an opinion as to the difference in the value of the carriage before and after the first collision. It was not an opinion as to amount of damages that could only be estimated by the jury; hence we do not think the opinion was an usurpation of the province of the jury. We can not hold that the witness was not qualified to give his opinion; he was the driver of the carriage, saw it before and after the injury, and, so far as the evidence shows, was as capable of estimating its value as any other ordinary person with knowledge of the facts.

The question was propounded by the defendant, ''What effect did it [the collision] have, and to what extent did it injure the carriage?''

Defendant could not object to the answer of its own question; and if it was not responsive, the objection should have been made before trial.

We do not hold the answer admissible on the ground that it related to the first collision, for which the jury found no damages, and was therefore immaterial. The petition valued the carriage before the injury at $500, and alleged that the first collision damaged it $50; the second, $450 more. It was important to defendant to show that the first injury was more than $50, so as to diminish the damages for the last injury. The answer was material; but we think it should not have been excluded, for the reasons before given.

3. The court below, in the preliminary part of the general charge, stated the issues to be as follows: ''This suit is brought by plaintiff, J. L. Peay, against the Missouri Pacific Railway Company to recover damages alleged to have been caused by the negligence of defendant's employes in operating one of its trains, by which said train collided with plaintiff's carriage while attempting to pass over a public crossing in the town of Belton.'' The court then stated the issues raised by defendant's answer, to which there is no objection.

Appellant claims that the court erred in stating the issues, because it omits the issue as to the second collision.

The failure of the court in the matter stated, no charge being asked making a fuller statement of the issues, can not be made the subject of complaint for the first time on appeal. No objection was made to the omission in the court below. Railway v. Helm, 64 Texas, 147;

Freiberg v. Johnson, 71 Texas, 564; Ins. Co. v. Ende, 65 Texas, 118.

The court presented and charged the jury upon the issues arising from the second collision. If the charge was not sufficient in formally stating the issues, defendant should have asked other instructions, if desired. Railway v. Shearer, 1 Texas Civ. App., 350.

4. Appellant says that the court's charge upon the second collision was confusing to the jury, in referring them for guidance to the rules of law laid down for the first collision, in which there was a totally different state of facts.

After instructing the jury as to the duties of the parties as to negligence and contributory negligence on the first branch of the case, the charge continued: "And the same rules of law apply to the second collision, that is, as to care and diligence and the negligence of one or both the parties, if you find there was any negligence by either or both parties. In other words, in regard to the second collision, defendant's agents were required to exercise the same care as in the first, and if their negligence caused any injury in the second collision, then they would, under the same rules of law, be responsible for such injuries, unless you further believe from the testimony that the plaintiff or his agents, by his or their negligence, contributed to the injury as herein before given you in charge. Because, after the first collision and injury, it was the duty of him and his agents or employes to see that the hack was placed in such a position as to be safe from further injury, and if he failed to use ordinary care for its safety, he is not entitled to recover for any damages caused by negligence of defendant's servants."

In so far as the court referred the jury to preceding charges for the law of care, there is no error, unless it be in favor of defendant. It made contributory negligence on the part of plaintiff an absolute bar to a recovery, whereas in the second collision such negligence would not defeat a recovery if defendant's servants knew the carriage was in a dangerous position, that it would not be moved, and they ran the engine upon it, regardless of such knowledge. This phase of the case was not submitted to the jury at all. It should have been; the testimony demanded it.

It was in proof that immediately after the first collision the driver took out the horses and hurried to the stable to inform his employer. The carriage was very heavy; he tried to move it from where it was left, but could not. Defendant's servants switched the locomotive on the other track, and, coming slowly up to near where the carriage was, the brakeman got down on the ground and made an attempt to move the carriage, motioned for the engineer to move along, and said, "If we can not move the d—d thing off, we can knock it off." The engine moved on slowly, caught the carriage by the springs with some projecting part of the engine, and broke it up.

We do not believe the jury were confused or misled by the charge to the injury of defendant. It was not necessary for the court to repeat the principles of law already laid down. But we think the better practice would have been simply to have applied the law to the facts of the second collision in the usual manner. The second collision was, however, the subject of independent instructions given by the court.

5. The definitions of negligence and contributory negligence in the court's charge were practically correct, as was the entire charge given by the court.

6. The court did not err, as insisted by appellant, in refusing its requested charge, to the effect that defendant would not be liable for the second collision unless defendant's servants wantonly and willfully ran against the carriage.

7. There was no evidence of value or damage except that occurring at the time and place of the injury, and hence there was no error in the omission by the court to instruct that the measure of damages would be controlled by the values at the time and place of injury. But the defendant asked a charge given by the court with the omission said to be error, to wit:

"The measure of damages in this case would be, for the first collision, the difference between the reasonable market value of said carriage immediately before and immediately after said collision. The measure of damages for the second collision would be the difference between the reasonable market value of the carriage after the first collision in the condition it was in, and its reasonable market value immediately after the second collision."

Appellant assigns as error the omission of the court to state that the values should be those at the time and place of the injury.

Appellant, having asked the charge given, is not in a position to claim that the omission therein complained of would be erroneous. If the charge needed amendment, it should have been asked.

8. Appellant also complains that there was no testimony as to market value, and therefore the verdict must be set aside.

It was not shown that there was any market value at Belton of a carriage broken as this one was. We are not prepared to say, under the circumstances, that market value should have been proved. At all events, there was no objection to the value as proved. Defendant accepted the evidence, and can not now be heard to complain. The motion for a new trial did not call attention to the point, and it can not be made available by assignment of error. The charge requested by defendant and given called for a finding of market value, but it must be that the jury applied the charge to the evidence before them on the subject of value.

9. The last assignment of error is that the verdict is excessive.

It was shown that the hack, a six-seated hack, cost $700; that at the time it was injured it was worth $500; that the first collision damaged it $50, and that the wreck, after the second collision, was worth $40 to $50. This sustains the verdict for $400 damages by the last collision. Interest was added to this amount from the time of the injury, under the court's charge, which was correct.

There was testimony tending to show that the damages for the first collision—for which the jury found no damages—were more than $50, and that the principal injury was done at that time, one witness saying that the carriage at this time was "knocked into kindling wood;" but we do not see that we should disturb the verdict upon the ground that it was excessive in amount, as there was other testimony, which the jury accepted as true, which sustains the verdict.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered May 30, 1894.