CENTRAL TEXAS GROCERY COMPANY v. GLOBE TOBACCO COMPANY.

Decided February 2, 1907.

**1.—Principal and Agent—Ratification.**

Where a salesman sold goods upon terms and conditions contrary to the terms and conditions printed upon the order blank, in a suit by the principal against the purchaser to enforce the printed terms of the order blank, testimony of the salesman offered by the defendant to the effect that he had notified his house of the terms on which the goods had been sold, and that they had ratified the same, should have been admitted, the defendant having plead ratification.

**2.—Same—Evidence.**

The issue being whether or not a principal knew of and ratified the terms upon which its agent had sold certain goods, the correspondence between the principal and agent which tended to show knowledge and ratification was pertinent and competent.

**3.—Printed Contract—Change—Evidence.**

In a suit for the purchase price of goods in accordance with the terms of a printed order blank, the defendant having plead non est factum and a different contract, evidence offered by the defendant which tended to show why a deviation from the usual terms of sale was made in his case, was admissible. And so with regard to prior sales on the same terms contended for by defendant.

**4.—Interrogatory—Answer not Responsive.**

Where a witness in answer to a cross-interrogatory as to that fact alone admitted that he had written certain specified letters, his explanation as to what said letters meant should have been excluded because not responsive to the interrogatory.

Appeal from the County Court of Dallas County. Tried below before Hon. H. F. Liveley.

*Read & Lowrance,* for appellant.—The goods were sold by M. E. Wallace, traveling salesman of the Globe Tobacco Co., and he guaranteed the sale of said goods and agreed that the Central Texas Grocery Co. should pay for same when sold. Said agreement was within the apparent scope of agent's authority and was binding on the Globe Tobacco Co. and any secret or undisclosed limitation on the authority of said agent could not bind or affect appellant's rights. Patton-Worsham Drug Co. v. Stark, 89 S. W. Rep., 799; Eastern Mfg. Co. v. Brenk, 73 S. W. Rep., 538; Gulf, C. & S. F. Ry. Co. v. Pittman, 23 S. W. Rep., 319; History Co. v. Flint, 15 S. W. Rep., 913; Bronson v. Chappell, 12 Wallace, 681; Thomas v. Hammond, 47 Texas, 52; Clarkson v. Reinhartz, 70 S. W. Rep., 111.

The Central Texas Grocery Co. was only bound by the actual terms of the sale, as agreed to by it at the time of said sale, and any change in the original order, made without the knowledge or consent of said company, could not bind it or affect its rights. Patton-Worsham Drug Co. v. Stark, 89 S. W. Rep., 799; Gulf, C. & S. F. Ry. Co. v. Pittman, 23 S. W. Rep., 319; History Co. v. Flint, 15 S. W. Rep., 913; Henderson v. San Antonio & M. G. Railroad Co., 17 Texas, 574; Atchison, T.

& S. F. Ry. Co. v. Grant, 26 S. W. Rep., 286; Hardy v. Kansas Mfg. Co., 18 S. W. Rep., 157; Houston & T. C. Ry. Co. v. Mitchell, 38 Texas, 95.

The Globe Tobacco Co. ratified and confirmed the contract of its agent, M. E. Wallace, and is bound by the contract *in toto*. It can not claim the benefits of the contract and escape the responsibility of the acts of its agent. Gulf, C. & S. F. Ry. Co. v. Pittman, 23 S. W. Rep., 319; Henderson v. San Antonio & M. G. Ry. Co., 17 Texas, 573; Patton-Worsham Drug Co. v. Stark, 89 S. W. Rep., 799; Conley v. Columbus Tap Ry. Co., 44 Texas, 581; Meyer v. Smith, 21 S. W. Rep., 995; Miller v. McDannell, 1 Posey U. C., 262.

The court found as a matter of fact, that the item of 16 packages of Red Jacket was not included in the order at the time same was signed by appellant, and in the case of fraud the appellant had a right to rescind the contract or keep and pay for the goods according to the actual agreement. Hardy v. Kansas Mfg. Co., 18 S. W. Rep., 157; Stacy v. Ross, 27 Texas, 4; History Co. v. Flint, 15 S. W. Rep., 914; Wintz v. Morrison, 17 Texas, 373; Eastern Mfg. Co. v. Brenk, 73 S. W. Rep., 538; Coughran v. Alderete, 26 S. W. Rep., 109.

The letters of appellee dated respectively July 30 and June 22, 1904, are plain, clear and unambiguous and parol evidence was not admissible to explain their meaning. Nations v. Thomas, 25 Texas Sup., 224; Cheveral v. McCormick, 58 Texas, 446; Armstrong, etc., Co. v. Snyder, 39 S. W. Rep., 379; Gammage v. Walker, 46 S. W. Rep., 916; Neitch v. Hillmann, 69 S. W. Rep., 494.

The defendant offered in evidence that part of answer of M. E. Wallace to interrogatory No. 5, which part of said answer is as follows: "And to assure them of this fact I made a statement of same in pencil writing on each duplication, and so notified the Globe Tobacco Co. To this they replied stating that it was all right, but that I must not do so any more with the Central Grocery Co." Said part of said answer was excluded by the court to which defendant excepted. Eastern Mfg. Co. v. Brenk, 73 S. W. Rep., 538; Henderson v. San Antonio & M. G. Ry. Co., 17 Texas, 561, 573; History Co. v. Flint, 15 S. W. Rep., 913; Gulf, C. & S. F. Ry. Co. v. Pittman, 23 S. W. Rep., 318.

One dealing through an agent may show the agent's authority by former course of dealing and by acts of agent. First Nat'l Bank v. Lancashire Ins. Co., 62 Texas, 465; Greer v. First National Bank, 47 S. W. Rep., 1045; Bronson v. Chappell, 12 Wallace, 681.

*G. W. Sergeant* and *Thompson & Thompson*, for appellee.

RAINEY, CHIEF JUSTICE.—Appellee brought this suit against the appellant to recover the price of a lot of tobacco alleged to have been sold appellant on a written order executed by appellant. The order relied on was for 800 pounds Duke of York tobacco and 400 pounds Red Jacket tobacco and containing various conditions, etc.

Appellant answered by general denial and specially plead under oath that the order set out in plaintiff's petition was not the order executed by it, in that, the order executed by it did not contain 400 pounds Red Jacket tobacco and that several of the conditions were erased before

signed, and that under the contract appellant was only to pay for said tobacco when sold.

A trial before the court without a jury resulted in a verdict for plaintiff for the price of the Duke of York tobacco and for the return of the Red Jacket tobacco, and in the event it was not returned plaintiff was to have judgment for its value. From this judgment defendant appeals.

The testimony shows that M. E. Wallace was a traveling salesman of appellee and as such he made a sale of tobacco to appellant. The order for the goods was signed in duplicate, one we will call the original and the other duplicate. The original shows the two brands of tobacco with the conditions as to terms, agent's authority, etc., with no marks of erasure or other indication of change or alteration. This was forwarded to the appellee and its manager testified it was received in that condition. The duplicate left with appellant does not contain the Red Jacket tobacco, certain conditions are erased by being crossed out with pencil marks and on it is written this in pencil: "Sale of these goods are guaranteed to Central Texas Grocery Co. as per order.
No. 4-4, 31, 29, -04.                                    M. E. Wallace."

On both original and duplicate were printed: "Terms: 2 percent for cash, if paid within 10 days. Salesmen are not authorized to make terms other than above noted. We ship no goods on consignment."

There also appeared in print on both original and duplicate, but erased with pencil by being crossed out on duplicate, the following: "No conditions of sale other than above specified. No order accepted or shipment made unless signed by purchaser. Notice. Salesmen must not sign purchaser's name to order."

H. M. Carver represented the Central Texas Grocery Company in making the purchase and he and Wallace both testify that the agreement was that said goods were not to be paid for until sold. A very small portion of the goods had been sold.

Appellant had plead ratification of said terms by appellee and to prove ratification appellant offered the following testimony of M. E. Wallace, which was rejected by the court, to wit: "And to assure them of this fact I made a statement of same, in pencil writing on each duplicate, and so notified the Globe Tobacco Company. To this they replied stating that it was all right, but that I must not do so any more with the Central Texas Grocery Company." This testimony, if true, shows that appellee had been notified of the terms made by Wallace with the appellant, and that appellee had ratified such contract. This we think was important testimony, tending to establish appellant's contention and should have been admitted.

Appellant offered in evidence portions of certain letters written by M. E. Wallace to appellee, which letters were attached to the depositions of Walter R. Hamper, manager of appellee, as follows: July 6, 1904. "Also your letter stating that Central Texas Grocery Co. had returned your draft unpaid. Now, gentlemen, in regard to this, beg to say that the only agreement I had with them was to pay for all the tobacco they had shipped out every sixty days." July 22, 1904. "On September 1, I will get a jobber who will take all of your goods that

are in the hands of Central Texas people together with a large quantity of your product, and they will carry samples themselves and push the tobacco with their own salesman and not require my services as a specialty man. But don't let Central Texas people know a thing of it until they are ready to begin." After the receipt of these letters appellee wrote to M. E. Wallace on July 30, 1904, as follows: "In regard to goods on hand with the Central Texas Grocery Co., Dallas, if you can not turn these goods over to some other jobber at once; that is, sell them to some other jobber, we think you had better try to close them out to the retail trade for them. You will please attend to this matter at once as we wish to get our money out of these goods."

The letters offered were pertinent to show that appellee had knowledge of the terms of the contract as made by Wallace, and tend to show a ratification of said contract, especially is it important in view of the testimony of Hamper, wherein he attempts to explain the meaning of the language contained in appellee's letter of July 30, 1904.

The court erred in rejecting the testimony of H. M. Carver, that M. E. Wallace was opening a new account for plaintiff with defendant and was introducing the goods of the Globe Tobacco Company in the territory and the goods of plaintiff were to be handled by defendant and introduced into this territory on special terms. That all orders prior to April 24, 1904, had been made on special terms and conditions. The appellee had the right to change the terms for the sale of its goods, and that it did so to obtain a footing in new territory is not unreasonable. The testimony offered would tend to show why a deviation might be made, and besides, it shows that prior to this orders had been filled by appellee for appellant upon the same terms as contended for by appellant in this suit. We do not wish to be understood as holding that former transactions would control the transaction in this case, if the effect of the contract made does not warrant it. But the evidence offered was pertinent for the consideration of the court in determining the true agreement between the parties in connection with the other testimony.

Witness Hamper testified by deposition. By cross-interrogatory he was asked if the Globe Tobacco Company wrote certain letters to one M. E. Wallace, and if so, to attach same to his answer, which letters he did attach to his answer and then proceeded with a lengthy explanation as to what said letters meant. The appellant moved to suppress that part of the answer making the explanation, which motion was overruled and said explanation was admitted as evidence. This was error. The explanation was not responsive to any interrogatory propounded and the same should have been excluded. (Lee v. Stowe, etc., 57 Texas, 444.)

The judgment is reversed and cause remanded.

*Reversed and remanded.*