(124 So.'115)

**KIRKLAND v. NEELEY.   (8 Div. 675.)**

Court of Appeals of Alabama.   April 16, 1929.

Rehearing Denied June 18, 1929.

Simpson & Simpson, of Florence, for appellant.

R. M. Sims and A. G. Bates, both of Florence, for appellee.

SAMFORD, J.   ■ The first and most urgent insistence made by appellant in his written argument is that the trial court committed error in overruling defendant's motion for a new trial on the ground that the verdict of the jury was contrary to the weight of the evidence.  He cites no authority to sustain his contention, and admits that the evidence on every point is in conflict.  Where this is the case this court will not find error in the rulings of the trial judge in overruling the motion for new trial.  Cobb v. Malone, 91 Ala. 388, 8 So. 693; 1 Mitchie's Dig. 547, § 1002.

■ It is insisted that the court erred in sustaining plaintiff's demurrers to defendant's pleas 2 and 3.  It is true that these special pleas 2 and 3 were not subject to the grounds of demurrer interposed, and the court committed error in sustaining the demurrers as filed.  The pleas, though faulty in some particulars, present the defenses of accord and satisfaction and payment.  Despite the ruling of the court on demurrer, the parties proceeded to trial under the plea of the general issue, and under that plea the defendant presented every defense to which he was entitled under the pleas of accord and satisfaction and payment.  Evidence was admitted, and the charge of the court proceeded upon the theory that all defenses were admissible under the general issue.  Where this is the case the rule as stated by former adjudications and reaffirmed in Federal Auto Ins. Ass'n v. Mey-

ers (Ala. Sup.) 119 So. 230,[1] is: "When the parties adopt a theory for the trial, and it is tried with that understanding by the parties and court, this court accepts the view that the pleadings present that theory." The above rule renders the error of the court in sustaining the demurrers harmless.

 Charge C, refused to defendant, is faulty and properly refused, in that it requires a verdict for defendant based upon an agreement not performed on the part of defendant. If Neeley and defendant agreed that defendant might satisfy the obligation by paying $250 and defendant in furtherance of said agreement made the payment, then the plaintiff could not maintain this suit. But the charge failed to predicate a recovery by defendant on that part of the agreement which required payment.

The appellant is evidently confused as to the fifth assignment of error. The brief refers to one thing and the assignment relates to another. The assignment is thereby waived.

The fourth assignment of error is omitted from the brief and is waived. The sixth assignment of error relates to an interrogatory propounded to one of plaintiff's witnesses, but the assignment points to no ruling of the court calling for review, and the brief fails to enlighten us on the question.

The remaining rulings of the court relate to rulings of the court on the admission of testimony in which we do not find reversible error.

Finally, the appellant's brief is not in compliance with Supreme Court rule 20, and perhaps should be stricken. Still, we condone the brief to the extent of passing upon such questions as appear to be necessary.

We find no error prejudicial to appellant, and the judgment is affirmed.

Affirmed.

### On Rehearing.

We have again read the evidence in this case and see no reason for changing our opinion as to the ruling of the trial court on the motion for new trial, on the ground that the verdict was contrary to the great weight of the evidence. The evidence was in conflict. The jury saw the witnesses, heard them testify, and had the advantage, in passing upon the questions of fact, of seeing and hearing the witnesses under cross-examination. The judge who tried the case was in closer touch than we, and he refused to disturb the verdict. We adhere to our former ruling.

It is urged in brief that the court erred in admitting in evidence a written contract between Kirkland and Al Parker Realty Company, the promoting company under which plaintiff was working in conjunction with defendant and others. We think this contract had a bearing on the dealings between plaintiff and defendant; but even so this contract was introduced in evidence without objection on the part of defendant.

It is again insisted that this court erred in its ruling on the trial court's ruling, overruling defendant's objection to interrogatory 12 to the witness Quarles. Again we say there is no reference in the assignment of error directing the court to the ruling of the court as it appears in the transcript, nor was there such in the original brief. In the brief on rehearing the page of the transcript is designated, and we have examined the assignment.

Objections to particular interrogatories must be made before they are answered by the witness. Failing in this the objection comes too late and should be disregarded. Kyle v. Bostick, 10 Ala. 589; Towns v. Alford, 2 Ala. 378; Alabama, etc., Ry. Co. v. Bailey, 112 Ala. 167, 20 So. 313; Mississippi Lumber Co. v. Smith & Co., 152 Ala. 537, 44 So. 475.

There was no motion to exclude the answer, which might have been granted if such answer was illegal for any reason assigned.

Other questions are either waived or are without injurious effect.

Application is overruled.