The judgment of the district court is affirmed.

AFFIRMED.

[Opinion delivered October 21, 1884.]

I. & G. N. R'y Co. v. Susan A. Smith.

(Case No. 1703.)

1. NEGLIGENCE — RAILWAY COMPANY. — Though ordinarily it is true that those operating a railway train have a right to assume that one on the road track, in the direction the train is going, will step from the track in time to avoid injury, yet if the person on the track be deaf, and that fact be known to those operating the train, they cannot act on such assumption, but they are then required to use such diligence as will best protect him from injury.

2. Same.— The original negligence of one .injured by a moving train does not excuse the company from care and watchfulness on their part, when they know that his dangerous position is due to an infirmity like deafness, idiocy, incapacity to move, or want of appreciation of the impending danger, as in the case of an infant of tender years.

3. Damages — Charge of court.— When exemplary damages are not claimed, it is not error for the court to fail to give a charge distinguishing between actual and exemplary damages.

Appeal from Smith.  Tried below before the Hon. Felix J. McCord.

Suit by the surviving wife of Thomas Smith, against the appellant, for damages resulting from the alleged negligence of the company and its employees.  The facts as stated in the petition will be found in the opinion.  The verdict and judgment were for the appellee for $8,000.

*W. S. Herndon,* for appellant, cited:  G., H. & S. A. R'y Co. *v.* Bracken, 59 Tex., 74; H. & T. C. R'y Co. *v.* Booyer, Tex. L. Rep., vol. 3, p. 11; I. & G. N. R. R. Co. *v.* Graves, 59 Tex., 330; Zimmerman *v.* R. R. Co., 2 Am. & Eng. R. R. Cases, 191, 212; Louisville, etc., R. R. Co. *v.* Cooper, 6 Am. & Eng. R. R. Cases, p. 6; R. R. Co. *v.* Pure, 6 Am. & Eng. R. R. Cases, p. 27.

*Robertson & Finly* and *T. O. Woldert,* for appellee.

Willie, Chief Justice.— The statement of facts has been stricken from the transcript in this cause upon motion of the appellee.  We can therefore consider only such assignments of error as do not depend for their support upon the evidence introduced upon the trial below.

The first assignment calls in question some of the allegations of the petition as being insufficient in law to entitle the plaintiff to a recovery.  The proposition under this assignment is to the effect that these allegations show that contributory negligence on the part of the deceased was the proximate cause of his death.

To determine this we must take all the allegations of the petition as to the cause and manner of the death in connection, and construe them together.  It is alleged that Smith, the deceased, was deaf, and that at the time of the accident he was walking upon the railroad track of the defendant company, which had been laid upon and along a public street in the city of Tyler.  This street is stated to have been between the residence and the place of business of the deceased, and that it was necessary for him to cross and make use

of it in going from one to the other; that at the time the accident occurred it was about dark; that a train, which consisted of an engine and tender, and a box car before and one behind them, was running along the track in the direction of the deceased and following him; that this train was being backed, and was going at the speed of fifteen miles per hour, a greater rate than was allowed by the laws of the city of Tyler; that there were no lights upon the train, and no signals were given to warn Smith of his peril; and that he being ignorant of the approach of the train, and using all necessary precaution on his part, was run over by the train and instantly killed.

It was further alleged that Smith did not hear the approach of the train, and that although his deafness was well known to the very agents and employees of the company who were running the train, and although they knew that the deceased was in the way of the train and unable to hear or know of its approach, they continued to run at the same high rate of speed until they ran over and killed him.

It is doubtless well established law that the persons operating a railroad train, seeing one upon the track in the direction it is going, have a right to presume that he will step off in time to avoid a collision. They have a right to presume that the principle of self-preservation will impel the trespasser to seek a place of safety and not await what must result in serious injury if not in death. If, however, the person on the track be deaf, and unable to hear the noise of the train, he cannot be expected to provide for his own safety so promptly and certainly as one in full possession of all his senses. This fact should, of course, make him the more careful to avoid being placed in a situation likely to render him liable to an injury from which others would be exempt. But what are the duties and responsibilities of the railroad company in such a case? If unaware of the person's infirmity, they cannot be expected to treat him differently from other like trespassers upon their track. They may presume that he will step off in time to prevent being struck by the train, and they would be required to give him only such warning as would reasonably alarm his fears and cause him to leave the track. But if the employees in charge of the train know that the party is deaf, and not able to hear the ordinary noise of the train, their duty becomes entirely different. The presumption that he will leave the track, which excuses the company in other cases, does not exist and they have no right to act upon it, but must use all proper precautions demanded by the situation; and, if

they do not, they will be liable for the consequences, notwithstanding the original negligence of the deaf person in attempting to walk the track of the railroad. Any infirmity of one traveling upon the track or lying upon it, known to those in charge of the particular train, requires such diligence on the part of the company as will best protect him from harm. The original negligence of the person injured does not excuse the company from care and watchfulness on their part, when they know that his dangerous position is due to an infirmity or disability, deafness, idiocy, incapacity for moving, or want of appreciation of the danger as in case of an infant of tender years.

If the negligence of the company occurs after they are aware of the dangerous condition of such party, their employees managing the cars being fully aware of the infirmity of the party imperiled, they are responsible for the damages suffered by him. Much stronger is the case against the company when, under such circumstances, the damages ensue from their wilful negligence or gross carelessness.

These principles are borne out by the books, and reference is made to a few of the authorities in which they will be found well sustained. H. & T. C. R. R. Co. v. Smith, 52 Tex., 178; Frech v. Phila., etc., R. Co., 39 Ind., 574; Yarnall v. St. Louis, etc., R. R. Co., 10 Am. & Eng. R'y Cases, 726; Beems, Adm'r, v. Ch., R. I. & Pac. R. R. Co., 6 id., 222; Swigert v. Hannibal & St. L. R. R. Co., 9 Am. & Eng. R. R. Cases, 322; Louisville, etc., R. R. Co. v. Cooper, Adm'r, 6 id., 5.

The petition shows that Smith was deaf, and perhaps negligent in walking upon the track when he was liable to be injured by a moving train. But it shows also that the employees of the company in charge of the train were well aware of his deafness; saw him walking on the track and liable to be run over and killed by reason of not being able to hear the train coming towards him; that they took no precaution whatever to save his life; gave no alarm; exhibited no lights, did not slacken their speed, much less attempt to stop altogether; but, in the exercise of gross carelessness, continued to back the cars at the rate of fifteen miles an hour until they struck and killed the deceased. We think that, taking all the allegations of the petition in connection, a sufficient case of negligence on the part of the company is made out to have occurred after they knew of the danger to which Smith was subjected on account of his deafness, and the movement of the train towards him, and that the petition showed a good cause of action, and the

demurrers were properly overruled. The charge of the court complained of in the fifth assignment of error was in accord with these views, and was correct under the allegations of the petition. For want of a statement of facts we cannot pass upon its applicability to the evidence in the cause.

The petition does not show that exemplary damages were claimed by the plaintiff. It was not, therefore, the duty of the court to give any instructions upon that subject, or to distinguish between exemplary and compensatory damages. If the defendant had desired to have the claim for damages more specifically alleged, it should have specially excepted to the petition; and if it had desired the charge to be more specific on this subject, it should have asked special instructions of the court.

There are no other errors assigned of which we can take notice in the state of the record, and the judgment is affirmed.

AFFIRMED.