THE GULF, COLORADO & SANTA FE RAILWAY COMPANY v. J. H. MOSS.
No. 1581.

**Contributory Negligence in Crossing Railway Track.**—It is a want of due care to knowingly attempt to cross a railway track without looking to see if cars are approaching; and a failure to exercise such care *held*, under the facts of this case, to constitute contributory negligence.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*Alexander & Clark* and *J. W. Terry*, for appellant.—Where the contributory negligence of plaintiff is established as the proximate cause of his injury, he can not recover therefor. Railway v. Dean, 76 Texas, 304; Railway v. Bracken, 59 Texas, 71; Railway v. York, 74 Texas, 366; Railway v. Garcia, 75 Texas, 583; Railway v. Chambers, 73 Texas, 296; Artusy v. Railway, 73 Texas, 195.

*Lockett & Kimball*, for appellee.—Although Moss may have been guilty of negligence, still it was not the proximate cause of the injury, and he did exercise such prudence as the circumstances seemed to require. The railway company failed to give the proper signals in crossing public roads, and that was the proximate cause of the injury; and as appellee had a right to rely upon that being given, the company would be liable. Railway v. Lee, 70 Texas, 501; Railway v. Wilson, 60 Texas, 144; Railway v. Chapman, 57 Texas, 75; Railway v. Anderson, 76 Texas, 244; Railway v. Wilson, 65 Texas, 147; Railway v. Wilson, 42 Am. and Eng. Ry. Cases, 15; Kelley v. Railway, 6 Am. and Eng. Ry. Cases, 95.

HEAD, ASSOCIATE JUSTICE.—Appellee instituted this suit as plaintiff in the court below, against appellant as defendant, to recover damages for personal injuries received from a collision with one of its locomotives while attempting to cross its track.

His account of the occurrence is as follows:   That on the morning of Sunday, September —, 1889, he went out to defendant's depot at East Meridian to get some express packages which he expected to receive there.    That said depot is located on the east side of the railway track, and that Meridian, from which he came, is situated west of said track; that he was obliged to cross said track to reach the depot, and that he crossed it in front of the passenger depot at the point where passengers and other persons necessarily going to and from said depot usually cross said track; that immediately before he crossed the track he looked up the track in a northern direction and saw a freight train standing on the main track about 250 yards above the place where he was crossing; that said freight train was heading in the direction of said depot, and was standing still; that he crossed the track and went to the door of defendant's depot and asked A. J. Stephens, defendant's porter, to hand him some small express packages; that said Stephens handed him said packages over the counter; that he immediately started back to recross the track; that said door of said depot is about ten feet distant from said track, and that said counter is three or four feet inside said door; that as he approached said track to recross it, he listened for the train and for the bell and whistle of the engine before starting across it; that there is a public road crossing at the north end of said depot, about seventy feet above where he started to recross said track, and also another public road about fifty yards above the first mentioned crossing; that he would have heard the bell or the whistle of the engine if any had been sounded, but that there was no bell rung and no whistle blown.    That there was a platform about seventy feet long and four feet high between the door of the depot and the point where he saw the train standing when he first crossed said track; that when he left said door to recross said track he could have seen said train over said platform had he looked in its direction.    That there is a space between said platform and said track about four feet wide, which at the time was unobstructed, and that when on this space there was nothing to obstruct his view, and that he could from this point have seen said train had he stopped and looked; that he remembers nothing to obstruct his view over the platform.    That he did not look up the track for the train, but relied on his sense of hearing, which is good.    That he crossed the track obliquely in recrossing it, going in a southwesterly direction. That he was blind in his right eye, and could not have looked or seen up the track without turning his head so as to have used his left eye.    That when he got upon said track he did not stop to look for said train, but that he listened for it; that he heard no signals of the engine and heard no noise of train, until when nearly across the track he heard a rattling sound; that he looked around and saw the pilot of the engine just at him, and that just as he looked around it struck him and knocked him off the track.    That he was knocked senseless, and did not come to himself until

8 or 9 o'clock that evening. That he had a gash cut in the back of his head just above his neck, and was badly bruised in the face, and his thumb was knocked out of joint. That he suffered from his injuries for eight weeks. That his neck remained stiff, so that he could not raise his head for four weeks, and until a rising formed and broke there. That his thumb is still stiff. That Dr. Lumpkin told him he must not attempt to attend to his business until his neck was well. That he was able to come to his saloon in about five or six days, but was not able to attend to any business for six weeks. That he paid Dr. Lumpkin for medical attendance about $50, and Dr. Olive about $5, and that he paid a drug bill of about $5. That he paid a clerk at the rate of $50 a month to run his business while he was unable to attend to it himself. That when he first went to the station he left his horse hitched to defendant's telegraph post, some ten or fifteen steps from the door of the defendant's office at said depot, and about thirty feet southwest of said door. That he noticed a strong south wind when he first went to the depot that morning, and that before he crossed said track he knew there was a hard south wind blowing. That he was well acquainted with defendant's depot and grounds.

We are of opinion that appellee's own evidence makes a plain case of contributory negligence on his part, without which the injuries complained of would not have been received; and as there is nothing in the record which in any manner rebuts this, the court should have granted appellant's motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict. We can not hold one to have been himself in the exercise of due care who knowingly attempts to cross a railroad track without looking to see if cars are approaching, even though he says he listened for them. By listening he shows his attention was attracted to the danger, and his testimony also shows that he at that time knew a strong wind was blowing from the direction which would tend to prevent his hearing the noise from a train approaching from the north, where he had only a few moments before seen one standing, headed in his direction. Under these circumstances he should have looked as well as listened, and we think a man of ordinary prudence will invariably do this when he knows he is about to cross a railroad track.

The judgment of the court below will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 11, 1893.