## Gulf, Colorado & Santa Fe Railway Company v. S. J. Hamilton.

### Decided October 27, 1897.

**1. Railway Crossing—Negligence—Looking for Train.**

The law can not determine when or how often one approaching a crossing must look for trains, and when the evidence shows that he looked but once, and that at a point where the view of the approaching train was obstructed, there being other points in the approach from which it might have been seen, it might be his duty to look more than once.

**2. Same—New Trial—Newly Discovered Evidence.**

Under such state of proof, newly discovered evidence tending to show that plaintiff went upon the crossing without looking for the approaching train was material and entitled defendant to a new trial.

**3. Evidence—Habit to Prove Particular Fact.**

It was improper to permit one who had testified that he looked for the approaching train to testify also that he was in the habit of doing so.

**4. Damages—Evidence that Injured Person Had a Family.**

Proof that plaintiff, suing for personal injuries, had a wife and children, was inadmissible, but the error was not necessarily material.

**5. Deposition of Party—Interrogatories Taken as Confessed.**

A party, interrogatories to whom have been taken as confessed upon his refusal to answer, may avoid the effect of such confession by showing good reason for his refusal; but he can not, without so doing, testify in contradiction of the facts so confessed.

**6. Negligence—Pleading.**

Defendant's negligence in failing to discover plaintiff's danger and avoid collision with him at a crossing should not be submitted in the absence of pleadings by plaintiff presenting such issue.

**7. Railway Company—Charge—Duty of Plaintiff.**

See charge as to diligence required of plaintiff in approaching a railroad crossing, held subject to criticism as tending to relieve him from any obligation to listen, in case the view of the crossing was obstructed.

**8. Argument of Counsel.**

Counsel cautioned against indulging in improper course of argument before juries.

**9. Railway Crossing—Charge—Defendant's Negligence as Excusing Plaintiff's.**

The omission of statutory signals for a crossing by defendant will not relieve plaintiff from the duty to exercise care. But see charge as to throwing plaintiff off his guard by such omission, held not subject to criticism on this ground.

**10. Jury—Viewing the Ground.**

The jury should not be permitted, except under the direction of the court and in the presence of parties or counsel, to personally inspect the scéne of the accident.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

*J. W. Terry* and *Charles K. Lee,* for appellant.—1. Where one has an unobstructed view of an approaching train and fails to look for and to discover it and keep off the track, he is guilty of contributory negligence, and can not recover. Railway v. Kuehn, 70 Texas, 582; Railway v. Bracken, 59 Texas, 73; Railway v. Graves, 59 Texas, 330; Railway v. Kutac, 72 Texas, 643; Railway v. Garcia, 75 Texas, 583; Railway v. Dean, 76 Texas, 73; Railway v. Moss, 4 Texas Civ. App., 318; Railway v. Brown, 2 Texas Civ. App., 282.

There was no duty resting on the engineer to try to stop the train until he knew or was apprised of facts putting him on notice that plaintiff was going on the track, but he had a right to presume plaintiff would stop before getting to the track. And there is no evidence to show any negligence after he did ascertain plaintiff was going on the track. Railway v. Kuehn, 70 Texas, 585; Artusy v. Railway, 73 Texas, 194; Railway v. Smith, 52 Texas, 185.

While questions of fact are ordinarily for the jury, still where the evidence overwhelmingly preponderates against a finding on any matter necessary to the verdict reached, the trial court should set the verdict aside, and if it fails to, this court, in the exercise of its right to pass on the sufficiency of the evidence, will do so. Railway v. Schmidt, 61 Texas, 282; Railway v. Abbott, 24 S. W. Rep., 299.

The court erred in overruling the defendant's motion for new trial because since the trial of the case the defendant had discovered new and material testimony. Receiver v. Ellis, 86 Texas, 447; Railway v. Forsyth, 49 Texas, 171; Railway v. Matula, 79 Texas, 580; Wolf v. Mahan, 57 Texas, 171; Hilburn v. Harris, 2 Texas Civ. App., 395; Railway v. Barron, 78 Texas, 425; Buford v. Bostick, 50 Texas, 375; Mitchell v. Bass, 26 Texas, 377; Watts v. Johnson, 4 Texas, 311; Madden v. Shapard, 3 Texas, 49; Edrington v. Kiger, 4 Texas, 89.

The jury are sworn to try the case on the evidence adduced before them, and it is improper for a juror, without authority from the court, to visit and inspect the locus in quo, and for such conduct a new trial should be granted. Peppercorn v. City, 61 N. W. Rep., 79.

It is error to submit to the jury issues which there is either no evidence or no pleadings to warrant. Railway v. Gilmore, 62 Texas, 391; Railway v. Kuehn, 70 Texas, 582; Railway v. Terry, 42 Texas, 451; Railway v. Younger, 29 S. W. Rep., 948; Railway v. Scott, 27 S. W. Rep., 827.

It is one of the great exclusive rules of English evidence that character testimony, testimony as to what people habitually do, what they have been in the habit of doing, is not relevant or admissible. Baker v. Irish, 33 Atl. Rep., 558; Carr v. Railway, 40 N. E. Rep., 185; 2 Thomp. on Neg., 804; Towle v. Imp. Co., 33 Pac. Rep., 207; Hall v. Rankin, 54 N. W. Rep., 217; Christensen v. Trunk Line, 32 Pac. Rep., 1018.

The paragraph of charge complained of in the seventh assignment is erroneous, in that it makes the defendant liable if plaintiff exercises or-

dinary care in looking only, and eliminates the question as to whether, in the exercise of ordinary care, he could have discovered the train if he had listened.

There was neither evidence nor pleadings making an issue as to whether defendant's employes saw or could have seen plaintiff's danger, or that he was going on the track, in time to have prevented the accident, and it was error to submit such issue.

The court erred in charging the jury, in paragraph 12 of his charge, as follows: "And if, as a matter of fact, the failure to ring the bell or blow the whistle did not throw plaintiff off his guard or cause him to relax his diligence, then I charge you that plaintiff can not recover," because such charge was a charge on the weight of the evidence, because it in effect told the jury that if the failure to ring the bell or blow the whistle, if any such there was, did, as a matter of fact, throw plaintiff off his guard, then that, as a matter of law, he was excused from looking for the train, and that, as a matter of law, he was not guilty of contributory negligence. Railway v. Peay, 20 S. W. Rep., 57; Railway v. Graves, 59 Texas, 330; Railway v. Kutac, 72 Texas, 643; Sala v. Railway, 52 N. W. Rep., 664.

The court erred in the eleventh paragraph of his charge to the jury, after a purported endeavor to state to them the issues on which they might find for the defendant, in qualifying the same, as follows: "Unless you find that after plaintiff got upon the track or so near thereto that he could not extricate himself from the danger, and while the train was in a position to be stopped so as to avoid the collision, defendant's agents and servants discovered that plaintiff was in that position and failed to stop the train," because there was no such issue made by the pleadings or the evidence. Railway v. Scott, 27 S. W. Rep., 827; Railway v. Younger, 29 S. W. Rep., 948.

The court erred in permitting counsel for the plaintiff, without let or hindrance, to argue improper matter to the jury, as shown by paragraph 7 of the defendant's bill of exceptions, viz.: "J. B. McMahon, one of the counsel of plaintiff, in his closing address to the jury, denounced the witnesses for defendant in unmeasured terms, stating among other things that their testimony was not to be relied upon; that they were in the employ of this corporation, and were compelled to swear in its behalf in order to hold their jobs; that whenever an injury was inflicted by any one, they were ready to swear for the purpose of shielding it from the consequences of its own negligence. That it was a part of their business to fix up defenses for said corporation, and therefore their testimony was not to be allowed to weigh against the testimony of the plaintiff and his witness; that this plaintiff, on account of the wrong done by said corporation, was forced to go through life a helpless cripple; that he was a poor man, and that it was the duty of the jury to see to it that this wealthy and powerful corporation was not allowed to swear his rights away in court by its interested employes, and much more to the same import. To which the defendant, by its counsel, here excepts, as the same is not only highly improper and uncalled for, but calculated to so inflame the minds of the jury

with prejudice against the defendant as to deprive it absolutely of a fair and impartial. trial on the merits of the case." Railway v. Johnson, 5 Texas Civ. App., 15; Mills County v. Hobbs, 5 Texas Civ. App., 35; Railway v. Scott, 28 S. W. Rep., 998; Railway v. Kutac, 72 Texas, 653; Railway v. Bryan, 28 S. W. Rep., 98; Railway v. Woods, 25 S. W. Rep:, 741; Willis v. McNeill, 57 Texas, 465; Prather v. McClelland, 26 S. W. Rep., 1071.

The court erred in permitting the plaintiff's counsel to read in the hearing of the jury the facts of cases parallel to the one in hand, together with the comments and deductions of the court from the facts. Railway v. Wesch, 85 Texas, 600; Railway v. Southwick, 30 S. W. Rep., 592; Dillingham v. Wood, 27 S. W. Rep., 1075; Press Pub. Co. v. McDonald, 63 Fed. Rep., 247; Warren v. Wallis, Landes & Co., 42 Texas, 475; Arey v. De Loriea, 55 Fed. Rep., 323; Tel. Co. v. Teague, 27 S. W. Rep., 958; Hudson v. Hudson, 16 S. E. Rep., 351; Atwood v. Brooks, 16 S. W. Rep., 535; Attaway v. Mattax, 14 S. W. Rep., 1017; Johnson v. Culver, 19 N. E. Rep., 130.

Where, under the statute, one party propounds proper, pertinent, and material interrogatories to the other and opportunity is given to answer, and the party interrogated refuses to answer, and makes no offer to answer afterwards, and shows no excuse for refusal to answer, the refusal to answer under the plain letter of the statute must be taken as a confession of the matters referred to in the interrogatories against his interest, and to permit him after such refusal to testify to a state of facts contrary to the facts so confessed, is to nullify the statute. Rev. Stats. 1879, arts. 2239-2243; Railway v. Nelson, 5 Texas Civ. App., 387.

*McMahon & McMahon,* for appellee.—The court did not err in overruling appellant's motion for a new trial on the ground of contributory negligence on the part of appellee, because the question as to whether the appellant was guilty of contributory negligence was a question of fact to be determined by the jury from the facts and circumstances as shown on the trial of this case. Railway v. Wilson, 60 Texas, 143; Railway v. Lee, 70 Texas, 501; Railway v. Chapman, 57 Texas, 82; Railway v. Anderson, 76 Texas, 244; Railway v. Bracken, 59 Texas, 73.

Our statute requires that those operating trains, in approaching a public crossing, ring the bell or sound the whistle for a distance of eighty rods from the crossing and to keep the same ringing or the whistle sounding until such crossing is passed, and a person about to cross at such crossing has a right to rely upon the performance of the acts required by statute of those operating the train. It is true, the engineer may presume that if the law has been complied with on his part, by giving the proper warnings of the approach of the train, that the appellee would stop before going on track, but not otherwise. The jury was warranted, under the facts and circumstances in this case, in concluding that if the proper signals had been given the injury would not have occurred, and there being a conflict in the evidence in this respect, this court will not disturb their

verdict. Railway v. Sympkins, 54 Texas, 618; Railway v. Chapman, 57, Texas, 75; and authorities cited under preceding proposition.

The court did not err in refusing to grant a new trial on the alleged newly discovered evidence, because (1) appellants failed to exercise due diligence to discover such testimony before the trial; (2) the affidavits of the newly discovered witnesses show that such testimony is merely cumulative of what had been proven on the trial. Railway v. Wood, 7 S. W. Rep., 372; Railway v. Boon, 1 S. W. Rep., 632; Harrell v. Hill, 15 Texas, 272; Latham v. Selkirk, 11 Texas, 321; Pinkard v. Pinkard, 14 Texas, 357; Town of Liberty v. Burns, 19 S. W. Rep., 1107.

In order to require a reversal of a judgment on account of the misconduct of a juror in visiting the locus in quo, it must appear that the jury was influenced by such conduct in finding their verdict. 12 Am. and Eng. Encyc. of Law, 376.

It is the policy of the law not to permit a juror to impeach his verdict by his own affidavit. Burns v. Paine, 8 Texas, 160; Little v. Birdwell, 21 Texas, 612; Railway v. Gordon, 72 Texas, 52; Bank v. Bates, 76 Texas, 329; Letcher v. Morrison, 79 Texas, 241.

The error, if any, on the part of the court in submitting the question as to whether there was a signboard at the crossing where the accident occurred is harmless, as all the testimony shows that there was a signboard there.

The court did not err in permitting the witness Reed to testify that he was in the habit of looking for cars when about on a railroad track. Railway v. Kuehn, 2 Texas Civ. App., 218.

The court did not err in submitting the question of negligence on the part of the appellant's servants in failing to discover the appellee in time to have prevented the injury, as such charge was fully warranted by both the pleadings and evidence. Railway v. Sein, 33 S. W. Rep., 560; Lyon v. Logan, 68 Texas, 524; Trust Co. v. Caruthers, 32 S. W. Rep., 841.

The charge, taken and considered as a whole, plainly tells the jury that the plaintiff can not recover, if his negligence contributed to the injury, unless after he got upon the track, or so near thereto that he could not extricate himself from danger, and the employes of the defendant discovered him in time to have prevented the injury, and failed to do so. The charge should not be considered in isolated paragraphs, but all its parts should be considered together. Railway v. Stewart, 57 Texas, 170; Railway v. Smith, 65 Texas, 170.

In order to require a reversal of a judgment on the ground of improper argument, the party complaining must call the attention of the court to the same at the time such remarks are made, so that the court may have an opportunity to correct the error by instructing the jury to disregard same. Moore v. Moore, 73 Texas, 394; Railway v. Greenlee, 70 Texas, 562; Tel. Co. v. Apple, 28 S. W. Rep., 1022; Morgan v. Duffy, 30 S. W. Rep., 736; Wolfforth v. State, 31 Texas Crim. Rep., 387; State v. Taylor, 11 S. W. Rep., 571; Patterson v. Commonwealth, 5 S. W. Rep., 387.

In this case it is admitted by appellant that the verdict is not exces-

sive, and the record fails to show that the jury was probably influenced by the language complained of. Railway v. Beckworth, 32 S. W. Rep., 810; Prather v. McClelland, 28 S. W. Rep., 94.

Where the legal evidence sustains the judgment, the admission of immaterial testimony will not be sufficient to reverse the judgment. Morris v. Runnels, 12 Texas, 175.

When the evidence is properly admitted under the pleadings, but is not relevant to the issue submitted to the jury, the party complaining of such testimony should ask a charge directing the jury to disregard the same. Blum v. Jones, 23 S. W. Rep., 844.

The reading of decisions in the court in the presence and hearing of the jury is a matter within the sound discretion of the trial court, and the court's action in this respect will not be reversed unless it clearly appears that this discretion has been abused to the injury of the complaining party. Tel. Co. v. Wingate, 25 S. W. Rep., 440; Railway v. Lamothe, 13 S. W. Rep., 195; Wade v. DeWitt, 20 Texas, 401; Railway v. Dunlap, 26 S. W. Rep., 656; Dempsey v. State, 3 Texas App., 430; Smith v. State, 21 Texas App., 307.

Where interrogatories have been propounded to one of the parties to a suit by the opposite party and such party fails to answer same, the interrogatories should not be taken as confessed, and the party excluded from testifying, unless it appears that he wilfully and contumaciously refused to answer interrogatories; and where there is a doubt as to his intention in so refusing, the benefit of the doubt should be given to him, and he should be permitted to testify. In this case the appellee was thoroughly cross-examined by appellant, and appellant should not be heard to complain at the court's action in permitting appellee to testify. Bounds v. Little, 79 Texas, 128; Robertson v. Melasky, 84 Texas, 559; Rushing v. Willis, 28 S. W. Rep., 921; Railway v. Berling, 37 S. W. Rep., 1083.

FISHER, Chief Justice.—This is an action against the railway company for damages resulting from injuries received in a collision with one of appellant's railway trains at a public crossing. The grounds of negligence alleged in the petition consist in the failure to ring the bell or blow the whistle on the approach of the train to the public crossing, as required by law; that the train when approaching the crossing and at the time of the collision was being driven at a high rate of speed; and that the approach of the train, to persons traveling along the road and approaching the crossing, would be and was concealed by trees, brush, and other obstructions, growing in and along the defendant's right of way. Defendant pleaded a general denial, and contributory negligence upon the part of the plaintiff in his failure to look and listen, and that he could have discovered the train by the exercise of proper diligence and was guilty of negligence in driving on the track, and that the defendant gave the signals required by law. There was a judgment in plaintiff's favor for $5000.

One of the material issues in the case that arises from the evidence was, whether the servants of the appellant on approaching this crossing gave the signals required by law, and whether the plaintiff, in traveling the public road approaching to the crossing, exercised proper care and precaution in an effort to discover the approaching train. There is a conflict of evidence on the question whether the whistle was blown or the bell rung and as to the rate of speed at which the train approached the crossing. . The plaintiff testified that before he approached the crossing he looked and listened for a train, that he did not see one, and that he could not hear well on account of the noise made by the wagon in which he was traveling. The train by which the plaintiff was injured was going in a westerly direction, and had stopped at a depot about three or four hundred yards east of where the public road crosses the track at the point where the collision occurred. The plaintiff also testified, and in this he is corroborated by the evidence of some other witnesses, that from the point where he looked before going on the track there were two or three liveoak trees that would obstruct the view of a train when it was about near the depot building.

It seems that the road on which the plaintiff was traveling ran for some distance parallel with the railway track, and about forty feet before it reached the crossing it made a turn in the direction of the crossing. As we understand the evidence of the plaintiff and the witness that was with him at the time of the accident, it was about where this road turned in the direction of the crossing that they looked to ascertain if a train was approaching, and there is some evidence that tends to show that the liveoak trees before mentioned, between this point of view and the depot, would tend to partially obscure the view of a train when stationed near the depot.

In contradiction of the branch of the case which tends to show diligence on the part of the plaintiff in discovering the train, and in order to show that the view of an approaching train would not be obstructed by the trees mentioned, appellant has brought up as a part of the facts in the record photographic views of the crossing, the depot, the track, the trees, and the lay of the land generally in that vicinity.

It is not the purpose of this court usually to determine the credibility of witnesses and whether they are worthy of belief; nor will we generally, when there is a conflict of evidence, undertake to determine which side is entitled to credence; but when we, through the photographs mentioned, view the railway track and the crossing and the character of the obstruction that is claimed to have obscured a view of the approaching train, together with what appears to be the lay of the ground between the public road and the railway track, it is difficult to reach a conclusion other than the one that the plaintiff, if he had looked before going upon the crossing for an approaching train, would most certainly have seen the one with which he collided.

Now the plaintiff testified, and possibly such is the case, that he looked at the point where the road turns to go upon the track, and where the

trees in question may have obscured a view of the train when stationed about the depot; but this, it appears, was somewhere near forty feet from the crossing. The evidence does not show that he looked before getting to this turn in the road, nor does it appear that he looked between the point where the turn is and the crossing; but he was content, it seems, with observations from the particular point where he claims that the trees were in the line of vision between him and a point about the depot. It is apparent that these trees, if they obstructed the view of a train approaching between the depot and the crossing, would be confined to a very narrow space, and that if he had looked at a point a few feet either to the right or to the left of where he claims he did look, these trees would have obscured but very little of the track between the depot and the crossing.

Now, the law does not determine when or how often a party shall look or listen for the approaching train before he attempts to make the crossing, nor at what particular point he shall look, if he undertakes to exercise diligence in that respect. But it is clear that the law does exact of one so situated as plaintiff was the exercise of diligence to ascertain the approach of a train; and if he failed to look or listen under the particular circumstances, such failure might be looked to as bearing on the issue whether the plaintiff was guilty of negligence. Plaintiff claims to meet the measure of the law in this respect by undertaking to show that he did look.

Appellant contends that while it is possible, looking at the point he claimed to have looked at, the trees may have obstructed the view of the train at a particular place on the track somewhat remote from the crossing, and near the depot, but if he had looked for the train at some other point, it could have been discovered, which is conclusively shown, so appellant contends, by the photographic views in the record.

Now in this connection, while it is true the law could not determine just at what points and how often one approaching the crossing must look for the trains, yet the law may say, in connection with the facts, that under the peculiar circumstances it may have been his duty to look more than once, and, when he discovered that there was an object in his line of vision that obscured the track, that diligence might require him to look at a time when no such object intervened. Therefore, although admitting that the plaintiff may have looked, it becomes a material question in this case whether his diligence in this respect was sufficient under the circumstances.

Now this brings us to the question as to the importance of testimony which was not introduced, but the materiality of which was presented to the court by a motion for a new trial. On a motion for new trial, affidavits were made which, in our opinion, show proper diligence in an effort to discover the testimony, which show the existence of evidence which was not introduced on the trial of the case and which was not discovered before the trial, that bears very materially on the issue of diligence or a want of care upon the part of plaintiff at the time he was traveling the

road and approaching the crossing. The affidavits of the witnesses that accompanied the motion tend to show that the plaintiff did not look for a train, and that he went upon the crossing without endeavoring to ascertain if a train was approaching; that the evidence of these witnesses before the jury, together with what appears from the photographs to have been the situation and the lay of the ground surrounding the track and the crossing, would have been important facts to have been considered in determining whether the plaintiff was guilty of negligence or used proper care in approaching the crossing. The failure to ring the bell or blow the whistle and the failure of the railway company to exercise the proper care and diligence in approaching the crossing, would not excuse the plaintiff from the exercise of care. The duties of each in this respect are reciprocal; and although the railroad company may have failed to perform its duty in the premises, still, if the plaintiff by the exercise of care could have avoided the accident, he would be guilty of contributory negligence and could not recover.

We believe that the statements accompanying the motion for a new trial, showing an effort to discover this testimony, showed proper diligence, and that the failure of appellant to have previously discovered this testimony and to have introduced some of these witnesses upon the stand could not, in view of the facts stated, be held a want of diligence; and in view of the materiality of this evidence on the branch of the case noticed, the trial court erred in not granting the new trial.

On the trial of the case, one Reed, who was traveling in a wagon with appellee when the accident occurred, testified that he was in the habit of looking for cars when about to go on the railroad track. He had previously testified that he did look for an approaching train and discovered none. The testimony as to his habits in this respect was objected to.

We are of opinion that admitting this testimony was error. Many instances might arise in which witnesses may be permitted to testify as to their habits or course of dealing in the business in which they are engaged or the habit or custom relating to any other business with which they may be familiar, and cases may be found, justifiable upon principle, in which such testimony as to habit and course of dealing has been admitted; but in a case of this character, where the effort is to ascertain what was the conduct of the parties as to an isolated transaction that no wise affects the business in which they are engaged as an avocation or profession, or concerns their habit or conduct relating to business methods, the evidence of the habit of the individual, explanatory of the particular transaction, would not be admissible. Therefore there was error in admitting this testimony.

The court, over the objection of the appellant, permitted the plaintiff to testify that he was a married man when he received the injury, and that his family consisted of a wife and two children. This is objected to.

The question in the case was as to the injuries inflicted upon plaintiff, and what damages he was entitled to therefor, if any. What bearing this evidence could have on this issue, it is difficult to discover. We do

not know what effect it might have had, and while it is inadmissible, it may not have influenced the jury; but in view of another trial for the errors already discussed, we will hold that this testimony was inadmissible, and it should not again be introduced.

The court, on the trial of the case, permitted the plaintiff to testify in contradiction of his answers to interrogatories propounded to him by the defendant. These interrogatories, in the main, relate to material matters, and are so framed that a failure to answer would be taken as confessed, the effect of such confessed answers being to establish the nonliability of the defendant. It apears from the certificate of the notary attached to the return of these interrogatories, that the plaintiff Hamilton came before him for the purpose of making his answers to the interrogatories, and that he positively refused to answer any of the interrogatories, or any portion of them. The certificate does not state any explanation why the plaintiff declined to answer. The court entered an order to the effect that the interrogatories and the answers thereto be taken as confessed. Notwithstanding this order, over the objection of the defendant, the court permitted the plaintiff to testify to facts which tended to disprove the answers confessed.

In this there was error. The court had entered a decree, pro confesso, which in itself established the proposition that there was no excuse shown by the plaintiff for refusing and failing to give the answers demanded by the interrogatories. This being true, the effect of the statute is to take the answers as confessed and to deprive the plaintiff of the right to deny them. This is not an arbitrary rule to be given effect in all cases, for a party who refuses to answer may show a good cause or reason why he did not answer, or he may establish facts tending to show that his purpose was not to willfully disobey the requirements of the law in this respect. There are decisions to this effect, and while they may be doubted as to the full extent to which some of them have gone, we feel constrained to follow them and to hold that the return of the officer showing a refusal of the party to testify is not conclusive, and it rests within the sound discretion of the court, based upon evidence, whether the party had good reason, or willfully refused to testify. We apprehend that in any case where a party does refuse, the burden would be upon him to show some good reason why he did not answer the questions that were legally put that were material. Nothing of this was shown, therefore we must hold that there was errror in admitting the evidence of plaintiff.

Now there were other errors committed by the trial court which we do not make grounds for reversal, but point out and call attention to, so that the same will not occur upon another trial.

The charge of the court, in stating the elements of care that rested upon the appellant, stated that it was the duty of the appellant to provide a signboard at the public crossing, and that it was its duty to discover the danger of the plaintiff, if it could have been done by the exercise of ordinary diligence, and to avoid the collision after it did discover the danger of the plaintiff, if it could have been done, and for its failure

in these respects it would be liable. No issues presenting these phases of the case were embraced in the plaintiff's pleading. The plaintiff did not rely upon negligence in these respects as the basis for recovery. The court in the charge should simply limit plaintiff's right to recover solely upon the ground of negligence alleged.

The seventh paragraph of the charge of the court in effect, among other things, tells the jury, that if the plaintiff exercised proper caution to discover the approach of the train, but his view was obstructed by objects on the right of way, and he exercised and did exercise proper diligence, and the defendant was guilty of negligence, then he might recover. The appellant objects to this charge on the ground that it authorized the plaintiff to recover if he could not see the train, and, in effect, in a negative way, relieved him from the burden of listening for the train if by the exercise of his faculties in that respect he could have discovered its approach. We think that the charge is subject to criticism, and we apprehend upon another trial the court will not repeat the error.

In regard to the argument of counsel for plaintiff objected to, it may be disposed of by saying that, if not directly, it nearly approaches the border line of impropriety, and we repeat the caution that has heretofore been given in other cases, that counsel in dealing in such arguments often jeopardizes an otherwise good judgment in his client's favor. Where argument of this character has been indulged in, it has been the policy of this court to closely scrutinize the record, to see that no injustice has resulted by reason of a probable or possible existence of prejudice or passion excited by the argument.

The court, in charging the jury in connection with the submission of the issue as to the duty of the railway company to ring the bell or sound the whistle and as to the failure to do these things, stated that if the defendant's employes did not ring the bell or sound the whistle, "and such failure did not throw plaintiff off of his guard," and if plaintiff, by the use of care and diligence, as defined above, could have discovered the train in time to have stopped, etc. The objection is made that that part of the charge is erroneous which states that the failure to perform the statutory duty upon the part of the railway company could be considered as an element tending to throw plaintiff off his guard, and it was error for the court to, in effect, so charge.

We do not so understand the charge of the court. We understand the charge to mean that the failure to ring the bell or sound the whistle might be considered for what it is worth on the question of diligence and care upon the part of the plaintiff, as tending to throw him off of his guard, but not relieve him from the necessity of exercising proper care and caution himself in approaching the crossing or in ascertaining if a train was approaching. The duty of the plaintiff in this respect was submitted along with the failure of the defendant. It was not the purpose of the court, as we understand from this charge, to tell the jury that the plaintiff could act upon the assumption that the railway company would perform its duty, and thereby justify him in going upon the crossing

without the exercise of proper care and caution upon his part. Charges similar to this have in several cases been approved by the Supreme Court. One, in approaching a crossing, can not relieve himself of the care which he must exercise as an ordinarily prudent man, upon the assumption that the railway company is going to perform its duty, and the failure to ring the bell or blow the whistle does not relieve him from the exercise of ordinary care to ascertain if a train is approaching and if it would be dangerous to attempt to make the crossing; but, as a circumstance bearing upon his conduct at the time, it is proper for the jury to consider the failure of the defendant to ring the bell or blow the whistle, and when this fact is taken in connection with the exercise of care, it is the province of the jury to consider whether or not the failure upon the part of the railway company did not have some bearing in throwing plaintiff off of his guard. But, while we are not prepared to say that this charge is objectionable, it is safer to omit that part of it embraced in the words, "and such failure did not throw plaintiff off of his guard," for the reason that it might be objectionable as a charge giving undue prominence to a particular fact, and as somewhat bordering on the weight of evidence.

That assignment of error which complains of the refusal to grant a new trial, based upon the conduct of the jurors Ferrell, Mitchell, and others, in going to the place of accident after being impaneled, presents a question of much difficulty, and as we have reversed the case upon other grounds, we reserve a decision upon this question; but we are inclined to the opinion that the jury should not be permitted, except under the direction of the court and in the presence of the parties or counsel, to personally inspect or view the scene of the accident. Under a proper direction from the trial court to the jury, this question will not likely again arise.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*