INTERNATIONAL & G. N. R. CO. v. WALTERS.

(Court of Civil Appeals of Texas. San Antonio. March 4, 1914. Rehearing Denied April 15, 1914.)

1. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES—QUESTION FOR JURY.

In a car repairer's action for injuries by being struck by an engine, *held*, on the evidence, that the question whether defendant's employés knew that plaintiff was ignorant of the approach of the engine was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

2. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURIES—QUESTION FOR JURY.

In a car repairer's action for injuries by being struck by an engine when he jumped from a car on a parallel track, *held*, under the evidence, a question for the jury whether the trainmen could have foreseen that plaintiff would probably jump from the car.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 278*) — ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In a car repairer's action for injuries caused by being struck by an engine on an adjoining track when he jumped from a car, evidence *held* sufficient to support a finding that those in charge of the engine should have foreseen that, when plaintiff should jump off, he would be in close proximity to the engine, and might step in front thereof, if ignorant of its approach.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

4. EVIDENCE (§ 5*)—JUDICIAL NOTICE—MATTERS OF COMMON KNOWLEDGE.

Courts can take judicial notice that engines and cars extend outside the rails upon which they run; it being a matter of common knowledge.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 4; Dec. Dig. § 5.*]

5. APPEAL AND ERROR (§ 1170*)—REVERSAL—TECHNICAL ERRORS.

Where the substantial and final issues were submitted to the jury and found adversely to the complaining party, any errors in submitting the minor details should not cause a reversal of the case under Court of Civil Appeals rule 62a (49 S. W. x).

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

On second motion for rehearing. Affirmed. For former opinion, see 161 S. W. 916.

MOURSUND, J. Because of the additional fact found by us on motion for rehearing, we have entertained and considered a second motion for rehearing, which presents appel-

lee's contentions based upon such additional finding.

[1-5] No brief was filed by appellee in this case, and consequently no objection was made to the consideration of the assignment of error sustained by us until upon motion for rehearing. The objection came too late, but it must be admitted that the only proposition submitted under the assignment was entirely too general. The assignment complains of the charge. No objections are stated in the assignment. The proposition is to the effect that, as to some four or five matters, the charge submits issues not supported by evidence. The four or five issues referred to as not supported by evidence are pointed out in the statement and argument as follows: (1) That those in charge of the engine knew of plaintiff's position on the car. (2) That they knew plaintiff was probably ignorant of the approach of the engine. (3) That they could have foreseen that plaintiff, under the circumstances, would probably jump from the car. (4) That they had knowledge of such facts, that they could have foreseen that plaintiff would probably run across the track. (5) That he would run across the track in such a way that he would be exposed to danger of being struck by the engine. We have heretofore held that the first contention is not well taken. As to the second ground of insufficiency above alleged, it may be said that the operation of running back for water was not a usual or customary one, though it is deducible from plaintiff's own testimony that he knew it was sometimes done, but even then, as is shown by the roadmaster's testimony, it was uncertain upon which of the many tracks the engine would go back. Plaintiff mounted the cars upon a curve, and kept his back turned towards the engine. While the rules did not require the bell to be rung in the yards, plaintiff testified it was the custom to do so when engines were moving to and fro. There were absolutely no facts upon which the crew could predicate a belief that plaintiff did not know where the engine was, and, under the circumstances, we think that we were in error in holding that the facts were such that a jury could not find that, by exercising ordinary care, the crew would know that plaintiff probably did not know the engine was coming down track 2. Plaintiff had his back turned to the engine, and, if the circumstances reasonably indicated to those in charge of the engine the probability of his not knowing the engine was coming down track 2, they were not authorized to speculate on whether he knew or did not know such fact. If it reasonably appeared that plaintiff was ignorant of the approach of the engine, the signals should have been given. Then the presumption may be indulged that they will be heeded. Railway v. Harvin, 54 S. W. 632; Railway v. Smith, 62 Tex. 254. We conclude, after further consideration, that the third is without merit. The crew knew plaintiff was an inspector riding down to inspect cars, and would naturally expect him to jump off either after the cars struck the others or just before. He jumped off just before they struck, and, we think, regardless of any anticipation of danger to him by his remaining on the cars, the engine crew, in the exercise of ordinary care, would anticipate that he might jump off before the cars collided with the others, either to avoid the shock or to begin inspecting the cars behind the one he was riding upon. We still think the facts were not such as to require them to foresee that plaintiff would probably run across the track; but we think the evidence was sufficient to justify the jury in finding that those in charge of the engine should have foreseen that, when plaintiff jumped off, he would be in close proximity to track 2, and might step upon said track, if ignorant of the approach of the engine. The distance between the two tracks was ten feet. Courts can take judicial notice of the fact that engines and cars extend outside the rails upon which they run. It is a matter of common knowledge. Railway v. Mertink, 102 S. W. 155. If these cars extend out, say, two feet, and plaintiff's body covered a foot or a foot and a half, he would have a fairly small space in which to alight. He would naturally alight two or three feet from the cars, and would be close to where the engine would pass. If a person was standing that close to the track with his back turned to the engine crew, it might become necessary, in the exercise of ordinary care, to warn him to keep him from stepping too close or upon the track. In Railway v. Wininger, 151 S. W. 586, it was held that a conductor who saw persons walking along the right of way, and knew that a public crossing was blocked, was chargeable with knowledge that such persons might attempt to cross said cars at the first opening between the same, and, in attempting to do so, would be in a position of danger, and it was his duty to keep a lookout in that direction before giving a signal for the movement of such cars. So in this case, knowing that plaintiff was going to alight in such close vicinity to the track that his momentum might carry him into danger, or that he might inadvertently step into danger after alighting, it may have been necessary that those in charge of the engine, in the exercise of ordinary care, should give signals to warn him of the engine's approach. The fifth contention is without merit. If they could be required to anticipate that plaintiff would come close to or upon the track, they would anticipate that he might do so at a time when it would be dangerous. The engine was gaining upon the kicked cars, and they are bound to have known it would be close to him when he alighted, if he alighted close to the place where the stationary cars were.

We have come to the conclusion that the evidence will support the verdict, and that the errors in the charge complained of re-

quired of plaintiff too great a burden of proof, but could not have injured appellant, and that the substantial and final issue of whether the employés failed to give signals, and whether it was negligence to fail to do so, and whether such negligence caused plaintiff's injuries, having been submitted and found favorably to appellee by the jury, the errors, if any, in submitting the minor details should not cause a reversal of the case. Rule 62a for Courts of Civil Appeals (149 S. W. x); Railway v. Allen, 35 Tex. Civ. App. 356, 80 S. W. 240; Johnson v. Railway, 45 Tex. Civ. App. 146, 100 S. W. 208.

All assignments are overruled, and the judgment affirmed.