# THIRD DISTRICT, DECEMBER, 1897.

---

### JOHN SMITH v. HOUSTON & TEXAS CENTRAL RAILWAY COMPANY.

Decided December 1, 1897.

**Contributory Negligence—Walking on Railway Track—Directing Verdict.**

Plaintiff, walking upon a track in a railway yard used for switching cars but frequently made a pathway by the public, hearing a car approaching from behind, stepped from the track until it passed, and immediately after, and without looking back, though he heard the noise of a locomotive behind him, stepped back into dangerous proximity to the track, and was run down by another car approaching him from behind: *Held*, that the court properly directed a verdict for the defendant company on the ground of plaintiff's contributory negligence.

APPEAL from Travis. Tried below before Hon. F. G. MORRIS.

*Henry Faulk, W. D. Hart*, and *Wm. M. Walton*, for appellant.—The court erred in giving the following charge to the jury, which was the

only charge given: "In this case the plaintiff's testimony shows that he did not look out for the cars that injured him, or use any care to avoid injury, though he was upon defendant's track, or so near it as to be struck by a passing train. His own testimony proving him to have been guilty of negligence, which contributed to his injury, and no other inference being allowable from his testimony, it becomes my duty to instruct you to return a verdict for the defendant, whether it was also guilty of negligence which contributed to the injury or not. You will therefore return a verdict for the defendant." Collins v. Dillingham, 7 Texas Civ. App., 93; Railway v. Anderson, 76 Texas, 244; Railway v. Porfert, 72 Texas, 344; Railway v. Wilson, 60 Texas, 144; Railway v. Morin, 66 Texas, 135; Railway v. Gray, 65 Texas, 30; Railway v. Dyer, 76 Texas, 161; Railway v. Neff, 87 Texas, 308; Railway v. Moore, 69 Texas, 160.

*Frank Andrews*, for appellee.—The court did not err in instructing the jury to return a verdict for the defendant. Washington v. Railway, 38 S. W. Rep., 766; Ward v. Bonner, 80 Texas, 170; McDonald v. Railway, 86 Texas, 1; Railway v. Garcia, 75 Texas, 583; Sanches v. Railway, 88 Texas, 118; Railway v. Ryon, 80 Texas, 61; Railway v. Breadow, 36 S. W. Rep., 410; Railway v. Staggs, 39 S. W. Rep., 295; Railway v. Roberts, 2 Texas Civ. App., 114; Railway v. Brown, 2 Texas Civ. App., 281; Railway v. Smith, 52 Texas, 185; Artusy v. Railway, 73 Texas, 193; Railway v. Hare, 4 Texas Civ. App., 21; Railway v. Moss, 4 Texas Civ. App., 320; Hughes v. Railway, 67 Texas, 598; Railway v. York, 74 Texas, 366; Railway v. Wilkins, 32 S. W. Rep., 352; Railway v. Lewis, 5 Texas Civ. App., 640; Railway v. Fuller, 5 Texas Civ. App., 667; Railway v. Bracken, 59 Texas, 74; Railway v. Greenlee, 62 Texas, 350.

FISHER, CHIEF JUSTICE.—This suit was brought by appellant Smith against the railroad company for $10,000 damages on account of injuries sustained by him as the result of being struck and run down by the cars on appellee's road. After the testimony was all introduced before the court and jury trying the case, the court instructed the jury to return a verdict for the railroad company, for the reason that the evidence showed that the appellant was guilty of contributory negligence.

The question presented is whether the evidence was of such a character as authorized the court to withdraw from the jury the questions of the exercise of proper care and caution on the part of plaintiff, and to peremptorily instruct them that he was guilty of contributory negligence.

The facts bearing upon this question are as follows: The appellant when walking near the railway track in the yards of appellee's road in the city of Austin was struck by a car which was then, with others, being pushed by an engine, and knocked down upon the rails and his arm run over and crushed, and as the result it had to be amputated. The car that struck him came from behind him. It appears that that part of the track where he was walking when struck was frequently used by the public as a pathway, and that such use was known to the employes and serv-

ants of the appellee. Plaintiff when walking near the track heard a noise behind him, which proved to be an approaching car, and he thereupon stepped away from the track and out of reach of the car, and after it had passed him he again stepped back so near and in such close proximity to the track as put him in danger of being struck by a passing car. When the car passed him, and when he returned to the track, continuing his walk in the direction that he was going, he did not look back in order to ascertain if another car or an engine was approaching him from behind, but continued to walk on the track until he was struck by the car that caused his injuries. This car, with others, was being pushed by an engine in the rear.

When he returned to the track and put himself in the place of danger, he heard behind him the puff of the engine, and supposed that it was going back, and not approaching him. He did not look in order to ascertain if this supposition was well founded, but continued to walk on the track until he was struck. The space between the car that passed him and the one that struck him was thirty or forty feet. The accident occurred in the daytime, and there was nothing to prevent the plaintiff from seeing the approaching car behind him, if he had looked.

After testifying about his walking upon the track, and the cars passing him, he says: "I didn't see those first two cars (which were the ones that passed him) until they got even with me: I heard a little noise and stepped out of the path and walked along until they passed, and after they passed I got back in the path again, and kept on my way until the car struck me. When I heard a little noise I didn't turn around; I just stepped out of the path. As soon as the cars passed me I got back in the path. When these cars passed me I didn't turn and look around to see if any more were coming. I didn't stop to listen, and never did turn my head back at all to look. I heard the engine puff and thought it was going back. It was broad daylight, and there was nothing to have kept me from seeing if I had looked. I have been about the yards of railroads a good deal in different places. When I see a railroad yard I know the purpose of its use is to switch cars up and down, and that this is constantly done without regard to any schedule and without regard to whether it is day or night. I never heard of any objection to people passing through the yards. I have seen people passing through all the time. I never asked permission of anybody to pass through there; didn't think it was necessary. I had been there twice before, and on those occasions I had seen cars switching back and forth. I was walking along by the side of the track, and knew that the cars extended over the rails about two feet. I was on the outside of the rails. The yard was graded from Comal street back up past the roundhouse and covered with cinders and perfectly level. A man could walk as well several feet away from the track as he could close to it; it is as level as a floor, covered with cinders, and dry. There was just as good walking all along there as there was by the rails. I don't know the names of the streets along there.

I was in a hurry to get home: I was paying no attention to the cars, but hurrying to get home."

He further also says: "I heard and saw the first car, and stepped out of the way till it passed. I did not look nor listen for any more, but stepped back near the track, and was struck before I had gone ten steps."

It is further shown that there was a brakeman upon the cars that passed the plaintiff, who saw the plaintiff on the track before the cars that passed him reached him and saw him get off of the track out of the way of the cars; but the facts show that the engineer and fireman and other of appellee's servants operating that part of the train of cars which struck the plaintiff did not see him or know of his perilous situation until after he was struck and injured. It further appears that the servants of appellee kept no lookout in order to discover if persons were upon the track.

We understand the rule to be that if the evidence tending to establish an issue is of such a character that men of ordinary minds and intelligence will not differ as to the effect thereof, and there can be only one conclusion reached from it, the court, in such a case, is authorized to inform the jury what that conclusion is and to peremptorily instruct them to shape their verdict in accordance with it. The facts, when tested by this rule, clearly justify the charge of the court. The appellant knew when he placed himself near the track that he was in the yards of the defendant, where they were constantly using their tracks for the purpose of moving and switching cars; and when he heard an approaching car behind him and stepped out of the way and saw that car pass, in the nature of things he must have known that some force propelled it and that the defendant was then using the tracks in its yards in the usual way. As a man of ordinary intelligence, he further should have known that the force generally in use in propelling cars is a locomotive. To remove any doubt upon this question, his own evidence shows that he actually heard the locomotive behind him, and no conclusion can be reached but that the locomotive that he heard was the one that he understood had propelled the cars that just passed him. He heard the puff of the engine. Notwithstanding this, without further listening or looking back in the direction from which he knew the cars that passed him had just come, and in the direction from which he heard the puff of the locomotive, he stepped back in close proximity to the track, putting himself in a place of danger, and before he had walked ten steps he was struck by the approaching car from behind. There was only a space of thirty or forty feet between the car that had passed him and the car that struck him. He placed himself in this space, between two cars, hearing the puff of the locomotive, without any effort upon his part to use his senses of sight or hearing to discover whether the engine that made the noise behind him was approaching or receding. He says that he thought it was going back, and the conclusion is that acting upon this supposition he put himself upon the track and continued to walk in front of the approaching car, but he made no effort to verify this supposition, al-

though he heard the noise behind him. There was nothing to prevent him from discovering the approach of the cars. It was broad daylight, in a place where he knew cars were being frequently operated; and with the knowledge that one had just passed him, and that one was behind him—for he heard the engine—he was negligent to act upon the supposition that the engine was going back the other way when he could have readily discovered, by turning and looking, in what direction the engine and cars were moving.

There is nothing in the facts of this case to invoke the doctrine of liability of the appellee arising upon the ground of the discovery of the dangerous situation of the appellant by the servants of the appellee operating the train in time to have prevented the accident. If the servants of appellee operating the train had discovered the perilous situation of the plaintiff in time to have prevented running him down, and thereafter failed to exercise proper diligence to have averted the accident, the railway company would have been liable, notwithstanding the contributory negligence of the plaintiff; and upon this branch of the case, and the contributory negligence of the appellant, we are unable to distinguish this case from the following cases recently decided: Sanches v. Railway, 88 Texas, 117; Railway v. Staggs, 37 S. W. Rep., 609; Railway v. Breadow, 36 S. W. Rep., 410; Railway v. Staggs, 39 S. W. Rep., 295.

The doctrine established by these cases is to the effect that, where the plaintiff is guilty of contributory negligence, although he may not be a trespasser, the railway company will only become liable when they actually discover his peril in time and by the exercise of diligence could have averted the accident; and if the plaintiff is guilty of contributory negligence, he can not recover, although the servants operating the train could have, by the exercise of diligence, discovered his danger, and failed to do so.

We hold that there was no error in the charge of the court; therefore, the judgment below is affirmed.

*Affirmed.*