CHICAGO, R. I. & G. RY. CO. v. LA GRONE.
(No. 1325.)

(Court of Civil Appeals of Texas. Texarkana. April 30, 1914.)

RAILROADS (§ 381*)—PERSONS ON TRACK—INJURIES—CONTRIBUTORY NEGLIGENCE.

Plaintiff passed over a street onto defendant's right of way in a city railroad yard and pursued a pathway between two tracks. He became aware of a following train, left the pathway, and traveled on the ends of the cross-ties along the track on which he supposed the train would not come, because from weeds and grass growing thereon he believed it was not the regular track. After walking on the ties about 75 feet, he was struck in the back by the end of the pilot beam of the engine of the train which in fact was approaching on the track near which plaintiff was walking on its way to a station. Plaintiff after getting on the ties paid no further attention to the train, but if he had looked back he would have discovered his danger in ample time to have avoided it. *Held*, that he was negligent as a matter of law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1285–1293; Dec. Dig. § 381.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by W. T. La Grone against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Lassiter, Harrison & Rowland, of Ft. Worth, for appellant. McCart, Bowlin, Terrell & McCart, of Ft. Worth, for appellee.

LEVY, J. The action is by appellee to recover damages for personal injuries resulting from the alleged negligence of appellant. The jury returned a verdict for appellee. The court in the charge to the jury authorized a recovery in favor of appellee upon the two alleged grounds of (1) violation of city ordinances as to rate of speed of the train and continually ringing the bell of the engine, and (2) discovered peril. The appellant by proper assignments predicates error upon authorizing a recovery on the first ground mentioned, upon the contention that the evidence admittedly shows that appellee was guilty of contributory negligence. We conclude that as this contention must be sustained, and the judgment reversed on account of the prejudicial error, it becomes unnecessary to make further statement of the case than immediately pertains to the present question.

While appellee was walking on the cross-ties of the track, outside the rail, he was struck in the back by the end of the pilot beam of an approaching passenger locomotive. He was knocked forcibly to the ground, and was injured, as he claims, and sues for such injury. The injury occurred in the yard of appellant about 200 feet south of where Fourth street crosses the appellant's tracks. It appears that appellee on the morning of July 3, 1912, was going to his daily work in the shops of a railway company other than appellant. He lived north of Belknap street in Ft. Worth leading by the courthouse. Instead of continuing to his work by the public streets, appellee concluded to go through appellant's yard in a pathway between two tracks, as being a shorter route to his working place. The space between the two tracks was between six and eight feet wide, and was a well-beaten pathway, which, according to the evidence offered by appellee, was used generally by the public as a passage way. The tracks of appellant ran north and south for a long distance. It is heavy upgrade going south. Appellee was traveling south. When appellee reached a point about 100 feet south of Fourth street crossing, and some 400 feet south of a curve in the tracks, and of a grain elevator, he heard the exhaust of a locomotive and looked back and saw over the top of some standing box cars on a track an approaching passenger train from the north going in the same direction he was traveling. It was the regular passenger train on time going into the depot. At the time appellee looked back and became aware of the train, it was about 600 feet distant from him, and was going about 12 or 15 miles an hour. The view up the tracks was plain and unobstructed. Appellee says: "When the engine got within 600 feet of me, there was nothing to obstruct the view of the engineer, from where he came out from behind those box cars. There was nothing to obstruct either his view or mine." Appellee upon becoming aware of the train immediately left the pathway he was traveling, and got upon the end of the cross-ties, outside the rail, of the immediate west track, and continued his course, walking on the end of the cross-ties instead of in the pathway as before. After walking on the cross-ties about 75 feet, he was struck in the back by the end of the pilot beam of the engine of the approaching passenger train. Appellee after getting on the cross-ties never paid any more attention to the approaching train or his safety, or made any effort to get out of its way. Appellee admits, "I did not turn my head and look back again." These facts are admittedly proven. Appellee explains his conduct by saying that the immediate west track that he got on appeared, from weeds

and grass, not to be the regular track, and he concluded that the train would come down the left track, and that he expected to be made aware of the immediate approach of the train by ringing of the bell and blowing of the whistle. There is dispute in the evidence as to the blowing of the whistle and ringing of the bell. The approaching passenger engine at the time was making heavy exhaust, which could be heard a long distance. Appellee could easily hear the exhaust. It is evident from these facts that appellee was walking in a dangerous place at the time the engine struck him, and that he voluntarily chose to occupy that place. If the train was 600 feet away at the time he got on the ends of the cross-ties, as he says, then appellee was not in that place, as shown by the facts from any emergency, and further he had ample time to know and see the track the train was on, if he had only heeded the known movement of the train. And even if appellee concluded that he was not on the main line, he could under all the facts, by a mere look back in the direction of the train, have discovered his erroneous selection of tracks, and immediately have realized that the approaching train, of which he was fully aware, was bearing down on him on the very track he was occupying. We feel constrained to hold that under the particular facts of this case appellee was guilty of contributory negligence as a matter of law. Smith v. Ry. Co., 17 Tex. Civ. App. 502, 43 S. W. 34; Ry. Co. v. Wilkins, 32 S. W. 351; Ry. Co. v. Miller, 30 Tex. Civ. App. 122, 70 S. W. 25; Ry. Co. v. Mitchum, 140 S. W. 812. See Ry. Co. v. Wall, 102 Tex. 362, 116 S. W. 1140.

We do not deem it necessary to pass upon other features of the case, as the cause will be remanded for another trial.

For the error discussed, the judgment is reversed, and the cause remanded.